an accounting and adjustment of the amount for which the obligation was given. In the present case the note was given on the express understanding that it should be used to obtain capital for the firm. If it had been discounted by some third person, both plaintiff's assignor and defendant would have been bound to pay. That it was discounted by plaintiff's assignor did not give him the right to collect, in an action at law, the whole of it from the defendant.

The principles of offset against an insolvent debtor do not apply. It is not a question of the defendant offsetting against the plaintiff's assignor. The defendant did not owe plaintiff's assignor, at the time of the assignment, any sum which the plaintiff can recover in an action at law. There is no inequity in this. On the contrary, the equities are all the other way. The partnership funds should pay the partnership debts. The defendant should not be compelled to pay the individual creditors of plaintiff's assignor. It is enough that he may be obliged to pay whatever deficiency there may be on the partnership accounts when that is determined.

The plaintiff insists that an accounting cannot be ordered in this action. The answer sets up an equitable defense, and asks that an accounting be had. Upon the trial the court refused to take up the partnership accounts, announcing that it would order a reference for that purpose in case the decision was not absolute in favor of plaintiff. Inasmuch as the defendant asks for an accounting in his answer, I think it is proper to order such accounting, in view of the equitable relief demanded by the defendant. This can as well be done in this action as in a separate one for that purpose.

A decree may be prepared embracing the foregoing conclusions, and a referee agreed upon to take and state the accounts of the partnership; and, if the parties fail to agree, the court will appoint some suitable referee for that purpose.

Judgment accordingly.

---

(32 Misc. Rep. 311.)

### WATSON v. DELAWARE, L. & W. R. CO.

(Supreme Court, Trial Term, Oneida County. July, 1900.)

CONSTITUTIONAL LAW—RAILROADS—MILEAGE BOOKS—DUE PROCESS OF LAW.
  Laws 1895, c. 1027, subjecting railroad companies to a penalty for refusal to issue mileage books to passengers at two cents per mile, is not enforceable against a railroad company organized before the passage of such statute, the charter of which authorized it to charge a fare of three cents per mile, as the statute deprives such company of property without due process of law, within the prohibition of the fifth article of the amendments to the federal constitution.

Action by Frank T. Watson against the Delaware, Lackawanna & Western Railroad Company for a penalty for refusal to issue a mileage book at two cents per mile, as required by Laws 1895, c. 1027. Dismissed.

D. F. Searle, for plaintiff.
Wm. Kernan, for defendant.

WRIGHT, J. The defendant corporation was in existence prior to the enactment of the statute in question. Its charter authorized a maximum charge of three cents a mile. It therefore had a vested right to charge that sum from all passengers for every mile traveled. The statute in question deprives the defendant of that right, to the extent of one cent per mile, whenever any person may demand a mileage book. Const. U. S. Amend. art. 5, provides that "no person shall be　*　*　*　deprived of　*　*　*　property, without due process of law." This statute, arbitrarily, without due process of law, deprives the defendant of the right to full compensation for services according to its charter. It is therefore in violation of the article of the constitution above mentioned. This question has been recently settled by the court of appeals in the case of Beardsley v. Railroad Co., 162 N. Y. 230, 56 N. E. 488. The decision of that case is based upon the decision of the United States supreme court in the case of Railroad Co. v. Smith, 173 U. S. 684, 19 Sup. Ct. 565, 43 L. Ed. 858. Judge Peckham, in writing the opinion of the court, says:

"We cannot regard this exceptional legislation as the exercise of a lesser right which is included in the greater one, to fix by statute maximum rates for railroad companies. * * * The act is not a general law upon the subject of rates, establishing maximum rates. * * * The legislature, having established such maximum as a general law, now assumes to interfere, * * * and provides for discrimination in favor of those who * * * purchase tickets at what might be called wholesale rates,—a discrimination which operates in favor of the wholesale buyer, leaving the others subject to the general rule. * * * It thus compels it [the company] to give the use of its property for less than the general rate, * * * and to that extent it would seem that the statute takes the property of the company without due process of law. * * * The power of the legislature to enact general laws regarding the company and its affairs does not include the power to compel it to make an exception in favor of some particular class. * * * This is not reasonable regulation."

This action, therefore, must be, and is hereby, dismissed, with costs. Findings may be prepared accordingly.

Action dismissed, with costs.