## Frankfort Kentucky Natural Gas Company v. City of Frankfort.

(Decided July 1, 1924.)

### Appeal from Franklin Circuit Court.

1. Gas—Rates Fixed in Accepted Franchise Cannot be Changed by Either Party, Except by Consent.—Where a gas company has accepted an ordinance prescribing the maximum rates to be charged, and has installed its plant thereunder, the ordinance amounts to a contract, and both the company and the municipality are without power to change or fix the schedule of rates without the consent of the other.

2. Municipal Corporations—Acceptance of Ordinance Regulating Rates Passed Without Authority Makes a Binding Contract.—Where a municipality is without power to regulate rates charged for gas, but passes an ordinance purporting to regulate it which is accepted by the gas company, the ordinance constitutes a binding contract between the municipality and the company.

3. Gas—Franchise Held Not to Permit Arbitrarily Raising Rates to Specified Maximum.—A franchise which permitted a gas company to charge 40 cents for its gas at the commencement of the term, and not to charge more than 50 cents at any time during the term, was manifestly not intended to give the gas company an arbitrary right to increase its rates to 50 cents after the expiration of the period designated as the commencement of the term, but gave it such right only in the event that the 40-cent rate should prove on experience to be insufficient to yield a reasonable profit.

4. Gas—Franchise Held Not to Require Application to Council for Permission to Increase Rates.—A franchise requiring a gas company to sell its gas at 40 cents at the commencement of the term, and not to charge more than 50 cents at any time during the term, does not require the company to apply to the city for permission to charge the 50-cent rate after the commencement of the term, so that it was proper for the company to announce an increase in the rates without such application; the city's remedy, if the increase was not justified by the returns under the 40-cent rate, being by suit for injunction in which the right to increase the rates could be determined.

5. Gas—Franchise Held to Entitle Gas Company to Raise Rates Necessary to Enable it to Earn Reasonable Profit.—A franchise accepted by a gas company, requiring it to sell its gas at the

commencement of the term for 40 cents, and providing that it should not charge at any time during the term more than 50 cents, entitles the gas company to raise its rates to 50 cents after a reasonable time at its discretion.

HAZELRIGG & HAZELRIGG for appellant.

F. M. DAILEY and JAMES H. POLSGROVE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

The appellee, Frankfort Kentucky Natural Gas Company, incorporated, owns a franchise in the city of Frankfort, for the distribution and sale of natural gas. It acquired this contract about May, 1915, and immediately installed its plant and began to distribute and sell gas to consumers in the city of Frankfort. Clause "D" of the franchise contract reads:

"D.   Said purchaser or his successors shall, at the commencement of business, charge forty (40) cents, net, for one thousand (1,000) cubic feet of gas (that is a charge of forty-two (42) cents per thousand, with an allowance of two (2) cents per thousand if consumer's bill is paid on or before the tenth of the following month), and at no time during the existence of this franchise shall the maximum rate exceed fifty (50) cents net (that is a charge of 52 cents per thousand with an allowance of two (2) cents per thousand if consumer's bill is paid on or before the tenth day of the following month). A discount of ten (10) per cent. shall be allowed on all gas furnished to the city buildings, public and parochial schools, hospitals, churches and public library, from the lowest net rate charged other consumers of gas in said city, using it for heating buildings in a similar manner."

After supplying gas to the city and its inhabitants for about three and a half (3½) years at the price of 40 cents per thousand cubic feet, the gas company by notice published in the newspaper of the city, notified its consumers that it intended to increase the price of gas from 40 cents to 50 cents on the 1st of May, 1919, and that thereafter consumers would be charged 50 cents per 1,000 cubic feet for gas consumed. To this proposed raise the

city of Frankfort objected and insisted that under clause "D" of the franchise contract the gas company had no authority, after having commenced to do business and to sell gas at 40 cents, to increase its rate to 50 cents, without first making application to the city for permission to do so, and by showing that such an increase in the price of natural gas was necessary in order that the company and its stockholders might have a fair return upon their investment. When it became apparent that the gas company was going to enforce its new rates the city instituted this action against the gas company, praying a temporary restraining order enjoining the defendant gas company from raising its rates on May 1, 1919, and finally that said injunction be made permanent. The case was prepared in part upon its merits, and upon hearing the trial court held that the gas company was not entitled to charge exceeding 40 cents net per 1,000 cubic feet for natural gas furnished under the franchise contract except by and with the consent of the city, and granted the relief prayed. Thereupon the gas company executed its bond for suspension of the injunction pending appeal and put into force and effect its new rates. This appeal results.

The sole question to be determined is, whether under the terms of the franchise the gas company has the right at its option to charge 50 cents which is the maximum rate, after the expiration of "the commencement period" during which the rate was confined to 40 cents. Counsel for the city concedes that three and a half (3½) years were sufficient to satisfy the "commencement period" mentioned in the franchise. The general rule seems to be that where the gas company has accepted an ordinance prescribing the rates and has installed its plant thereunder, both the gas company and the municipality are without power to change the schedule of rates by fixing them higher or lower without the consent of the other. The first ordinance after acceptance, so it has been held, amounts to a contract and cannot be altered at the instance of one party thereto. But where the municipality is without power to regulate the rates and notwithstanding this passes an ordinance purporting to regulate it, which is accepted by the company, such ordinance will constitute a binding contract between the municipality and the company. City of Richmond v. Natural Gas Company, 11 American & Eng. Anno. cases 746, and notes.

The clause of the franchise under consideration appears to divide the term of 20 years for which it is to run, into two periods: (1) "the commencement of the business;" and (2) the remainder of the term. What "the commencement" period is, no one can tell for a certainty. The purchaser and his successors, according to the franchise, was without power at the commencement of the business to charge exceeding 40 cents, net, per 1,000 cubic feet. That is quite apparent. The same section of the franchise provides that at no time during the existence of the franchise is the maximum rate to "exceed 50 cents per 1,000 cubic feet." There is nothing in the franchise contract which indicates when or how the gas rate should be changed from 40 cents to a higher price not to exceed 50 cents per 1,000 cubic feet, although this must have been in contemplation of the signatories. The city sold the gas company the privilege of using its streets and way for laying its pipe lines for the distribution and sale of gas, at the price of 40 cents at the commencement of the business, with the privilege of increasing this rate but not to exceed 50 cents per 1,000 cubic feet after the business had been commenced.

The city insists that before the gas company had a right to put into force new rates it should have applied to the city council for such permission and made a showing justifying the raise sought, and having failed to do so is now too late in attempting to make a showing in this action to enjoin them from putting such rates into operation. Unquestionably the gas company had a right under the franchise to make a raise of its rates if it were necessary in order to make the business yield a reasonable return on the investment when properly managed and conducted. It was not obliged to operate its plant at a loss. State of Alabama Ex Rel. v. Birmingham Water Co., 27 L. R. A. (N. S.) 675, and notes; 12 R. C. L., pp. 896, 897, 898, 899 and 900; Newark Gas Co. v. City of Newark, Ohio, 61 Law Ed. U. S. Supreme Court, p. 405, and cases there cited.

Reduced to its last analysis, section "D" of the franchise above copied, reads:

"Said purchaser (of the franchise) . . . shall, at the commencement of business, charge forty cents, net, for 1,000 cubic feet of gas, . . . and at no time during the existence of this franchise shall the maximum rate exceed fifty cents, net."

Except for the commencement period the maximum rate allowed by the franchise is 50 cents per thousand feet of gas. It was only "at the commencement of business" that the gas company was limited to a charge of 40 cents per thousand feet. No period was mentioned, limited or fixed during which the price of 40 cents per thousand could not be exceeded. In the absence of such a period fixed in the franchise contract the law supplies the omission by fixing the period at a reasonable time, the facts and circumstances considered. The city and its council admit that three and one-half (3½) years, the period through which gas was furnished at 40 cents per thousand, was a sufficient time to satisfy the requirements of the clause designated "commencement of business" within the meaning of the contract. If that be true, then there is but one limit or maximum price left—fifty cents—and this, it must be conceded under all the authorities, may be charged by the company at its discretion just as could have been done by the company had the only limit on the price been fixed at "not exceeding fifty cents per thousand feet." If such had been the only limit fixed in the franchise contract the company would have been privileged to charge from the beginning any price that did not exceed that limit. The privilege of charging a rate not in excess of fifty cents (50c) per thousand feet of gas is held by the weight of authority to confer the right to charge 50 cents, or any sum less than that for such product per unit. St. Cloud Public Service Company v. City of St. Cloud, reported in Supreme Court of U. S. Advance Opinion, October term, 1923. Stone v. Yazoo, etc., R. Co., 62 Miss. 607; 52 Am. Rep. 193; Gulf, etc., Co. v. Adams, 90 Miss. 559; Pingrew v. Michigan Cr. Co., 118 Mich. 314; 53 L. R. A. 274; Logan Gas Fuel Co. v. Chilicothe, 65 Ohio St. 186; Newark v. Newark Nat. Gas & Fuel Co., 65 Ohio St. 210; Vicksburg v. Vicksburg Water Works Co., 206 U. S. 496; 51 L. Ed. 1155; Omaha Water Co. v. Omaha, 12 L. R. A. (N. S.) 736; Miss. R. Co. v. Gulf & St. R. Co., 78 Miss. 750; Watsons v. Delaware L. & R. Co., 66 N. Y. Supp., 798. See note beginning on page 730 in 3 A. L. R.

"An ordinance adopted under legislative authority, which provides that the rate of fare to be charged by a street railway company shall not exceed 5 cents, gives the company, when accepted by it, a contract right to charge that rate, which cannot be

reduced by the city without the consent of the company, under the right to prescribe from time to time rules and regulations for the running and operation of the road." Detroit v. Detroit Citizens' Street R. Co., 184 U. S. 368, 46 L. Ed. 592; Sup. Ct. Rep. 410.

"In State, ex rel. St. Louis v. Laclede Gaslight Co. 102 Mo. 472, 22 Am. St. Rep. 789, 14 S. W. 974, 15 S. W. 383, it was held that an ordinance accepted by a gas company fixing the maximum price of gas was a contract which was protected against an attempt of the city to reduce the price. In summing up the holding of the court it was said that the price could not be diminished by subsequent legislative action, whether state or municipal. To the same effect are Logan Natural Gas & Fuel Company v. Chillicothe, 65 Ohio St. 186, 62 N. E. 122; Newark v. Newark Natural Gas & Fuel Co., 65 Ohio St. 210, 62 N. E. 1104.

"An ordinance accepted by a water company constructing waterworks, which provided that the company should furnish water to private consumers at such prices as might be agreed upon, not exceeding those specified, created a contract the obligation of which was impaired by an order of the water board reducing the rates below the amount specified in the ordinance. Omaha Water Co. v. Omaha, 12 L. R. A. (N. S.) 736; 77 C. C. A. 267; 147 Fed. 1; 8 Am. Cas. 614, appeal dismissed by United States Supreme Court for want of jurisdiction in 207 U. S. 584; 52 L. Ed. 351."

Nor do we, upon mature consideration of the whole of clause "D" of the franchise in question, believe the city or other consumers of gas for whose benefit the contract was made, had any right or power to interfere with or fix the rate to be charged for gas in any way or manner or for any purpose, except to see that the price in no event exceeded 50 cents per thousand feet. Undoubtedly the gas company could have commenced to charge 50 cents per thousand feet long before it did. A few months at most would have served to satisfy the "commencement" period mentioned in the franchise. All that was required for the "commencement" period was a reasonable time, to be determined from all the facts and circumstances. The "commencement" period having been admittedly satisfied, the gas company was privileged to

raise its price of gas to the maximum fixed by the charter at the time it attempted to do so, and the lower court erred in not so holding.

Judgment reversed. Whole court sitting.