(March 24, 1922.)

JOHN B. KELLAR, Respondent, v. HUGH SPROAT and THE McMILLAN SHEEP COMPANY, LTD., Appellants.

[205 Pac. 894.]

PLEADING AND PRACTICE—DAMAGES—EVIDENCE.

1.  A defective allegation of a good cause of action is sufficient to support a judgment in the absence of a demurrer directed to the defective portion thereof.

2.  In an action for damages sustained by reason of the destruction of herbage, grass and pasturage upon plaintiff's lands, the measure of damages is the value of the crops at the time of their destruction. Evidence of facts or circumstances which disclose the uses for which the crops would have been most profitable, and tending to show their value, is properly admissible.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action for damages caused by trespass of sheep. Judgment for plaintiff. *Affirmed.*

. Elliott & Healy, for Appellants.

The true measure of damages for the destruction of growing crops is the value of the crop at the time of its injury or destruction. (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006.)

The evidence offered in proof of the second cause of action was such as to afford a jury no more than an opportunity to guess as to the amount of damage for which the defendants were responsible, if any. (*Smith v. Highland Livestock & Land Co.,* 34 Ida. 321, 200 Pac. 679.)

Harry L. Fisher, for Respondent.

"A jury selected from the county or community where the loss was suffered, after hearing the evidence as to the nature and condition of the crops and the extent of the injury, will seldom go far wrong in their estimate of the real injury done." (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006.)

Under the above rule the plaintiff offered to show the cost of near-by pasture. Appellants objected to all this class of competent evidence and succeeded in having it excluded.

RICE, C. J.—This action was brought by respondent to recover damages from appellants upon two causes of action. The verdict of the jury on the first cause of action was in favor of appellants, and it is not involved in this appeal. The second cause of action is based upon the claim that vegetation, pasturage and grasses on lands belonging to or in possession of respondent were injured and destroyed by the trespass of sheep of appellants during the season of 1918. Upon the second cause of action, the jury returned a verdict for respondent in the amount of $115. The appeal is from the judgment in favor of respondent for this amount.

It is first contended by appellants that the court erred in admitting evidence of trespass upon or damage to land not alleged in the complaint to have been owned by respondent or in his possession at the time of the alleged trespass. This objection of appellants relates to the E. ½ NE. ¼ of Sec. 26, Tp. 2 N., R. 3 E., B. M., Ada county. The complaint alleges that respondent was the owner and in possession of certain described lands, not including the above mentioned tract. In a paragraph following the description thus given respondent alleges that appellants "drove said bands or flocks of sheep of about six thousand in number upon the lands of the plaintiff hereinafter described. . . . . The actual portions of the hereinbefore described premises so trespassed upon as nearly as plaintiff is able to state are as follows: . . . . S. ½ of the SE. ¼ of the NE. ¼ in Section 26; . . . . '' It appears that the evidence of the trespass of the sheep, so far as the eighty acres in question are concerned, was confined to the portion thereof last above described.

The foregoing is a defective allegation of ownership and possession, but it is sufficient to support the judgment. (*Newport Water Co. v. Kellogg*, 31 Ida. 574, 174 Pac. 602.) The demurrer to the complaint did not allege that it was unintelligible or uncertain as to the ownership or right to possession of the portion of the eighty acres above referred to.

It is next contended that the court erred in the admission of evidence offered for the purpose of proving damage alleged to have been done by appellants' sheep. This specification is too general to call for consideration. From the brief, however, it would appear that the evidence objected to consisted of testimony to the effect that respondent was permitted to show the number of head of stock he owned at the time, and that he was compelled to herd his cattle during the season on account of the destruction of the grass. It is claimed also that respondent was permitted to give his opinion as to the value of the pasturage *to him* during the season of 1918. It was not error to permit respondent to show the

number of head of stock he owned, or that he was compelled to herd his cattle during the season on account of the destruction of his grass. (*Boggs v. Seawell, ante,* p. 132, 205 Pac. 262; *Hanson v. Seawell, ante,* p. 92, 204 Pac. 660.)

As to the evidence of value objected to, the record is as follows:

"Q. From your knowledge of stock and your general experience during your life and particularly in this locality can you say what that pasturage was worth for pasturage purposes to you or to any other person who had a like number of cattle in that community in the year 1918?

"Mr. Healy: Objected to as irrelevant, incompetent and immaterial, calling for a conclusion of the witness and not the proper method of proving damages.

"The Court: Objection overruled.

"Mr. Healy: And for the further reason no foundation has been laid.

"The Court: Overruled.

"A. Why it is easily worth a dollar an acre to a man that had pasture there any time that year."

We do not think the admission of the testimony was error. The question was perhaps not well framed; but was not confined to the value to respondent alone. Testimony as to value is generally required to be given by experts. It is not objectionable because it calls for the opinion of the witness. The owner of chattels, including crops, whether standing or severed, is generally, if not always, qualified to give evidence as to value. (*Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108.)

The same objection is taken to a similar question propounded to Sullivan, witness for respondent. The qualification of this witness to answer had been shown to the satisfaction of the trial judge, and we think the objection on the ground that he had not shown himself qualified was not well taken. (*Austin v. Brown Bros.,* 30 Ida. 167, 164 Pac. 95; *Carscallen v. Coeur d'Alene etc. Transp. Co.,* 15 Ida. 444, 16 Ann. Cas. 544, 98 Pac. 622.) The witness answered:

"A. Ought to be worth the way I got it fixed, worth fifteen dollars a head for the year.

"Q. For the season you mean?

"A. Well, yes, for the season—for the summer you know."

The court denied the motion to strike out the answer as not responsive to the question. While the answer was not strictly responsive, it cannot be said that reversible error was committed in denying the motion to strike. (See *Risse v. Collins*, 12 Ida. 689, 87 Pac. 1006.)

Finally, it is urged that the evidence is insufficient to justify the verdict of the jury, in that the testimony as to the areas grazed over by the sheep of the appellants and as to the character of the injury was so vague and general as to afford no basis for a money judgment.

We think, however, there is in the record sufficient evidence to sustain the verdict of the jury.

The judgment is affirmed.   Costs to respondent.

Budge, Dunn and Lee, JJ., concur.

---

(March 25, 1922.)

