(February 24, 1927.)

## NATHAN HAYHURST, Respondent, v. BOYD HOSPITAL, a Corporation, Appellant.

[254 Pac. 528.]

HOSPITALS—DUTY OF PRIVATE HOSPITAL TO PATIENT—EVIDENCE—EXAMINATION OF EXPERT WITNESSES — HYPOTHETICAL QUESTIONS—OBJECTIONS—SUFFICIENCY—CROSS-EXAMINATION AND REDIRECT EXAMINATIONS — LIABILITY OF HOSPITAL — NEGLIGENCE OF NURSE—INSTRUCTION TO JURY—QUOTIENT VERDICT—DAMAGES NOT EXCESSIVE.

1. The duty · of a private hospital through its nurses to a patient, outside of treatment of a professional nature, as in leaving him sitting up for the first time after a fever, is to give him such reasonable care and attention for his safety as his known conditions require.

2. Physicians, qualified as experts, may on hypothetical questions be asked whether they would consider certain treatment by nurse of a convalescing patient to be proper care and attention, and whether in their opinion the exposure and fatigue resulting from such treatment were the causes of the patient's subsequent complications, as against objection of questions calling for opinion of witnesses on the issues to be determined by the jury and usurping the province of the jury.

3. Objection to hypothetical question on the ground that it does not fairly reflect the facts in evidence is insufficient, where it does not point out wherein the facts assumed do not properly reflect the facts proved.

4. Plaintiff's witness, his physician, who had given hospital nurse the order "chair to-morrow," having on cross-examination been asked if he did not expect his order to be carried out, the question on his redirect, "What did you expect the nurse to do in carrying out that order, placing this patient in the chair?"

was proper as permitting him to explain his answer to the question on cross-examination.

5. Negligence of hospital nurse in leaving patient sitting up a long time without proper wraps, whereby from exposure and fatigue he contracted pneumonia, *held* within the rule that negligent acts producing an injury are actionable, though in themselves they would not produce the injury had the patient's physical condition—he being up for the first time after a fever—not been such as to render him susceptible to the injury.

6. Prejudice from instruction warning jury against quotient verdict, in not stating as essential of such a verdict that the jury in advance of making computation agree that the result will be their verdict, *held* improbable.

7. Though several of the instructions as to probable cause were objectionable and improper standing alone, it was enough that the subject was so fully covered by a number of instructions given at defendant's request that the jury could not have been misled.

8. Verdict for $15,250 for negligence of hospital nurse, resulting in fever patient, an able-bodied farm laborer, contracting pneumonia and tuberculosis, in view of future mental and physical suffering and impairment of earning capacity, *held* not excessive.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action for damages. Judgment for plaintiff. *Affirmed.*

Publisher's Note.

1. Liability of owner or proprietor of private hospital for negligence of nurse or employee, see notes in 8 Ann. Cas. 1046; Ann. Cas. 1915B, 1229; 6 L. R. A. (N. S.) 306; L. R. A. 1915D, 334; 22 A. L. R. 341; 39 A. L. R. 1431. See, also, 13 R. C. L. 949.

See Appeal and Error, 4 C. J., sec. 3013, p. 1029, n. 30.
Damages, 17 C. J., sec. 423, p. 1100, n. 25.
Evidence, 22 C. J., sec. 800, p. 710, n. 73.
Hospitals, 30 C. J., sec. 17, p. 467, n. 13; sec. 18, p. 467, n. 16.
Trial, 38 Cyc., p. 1375, n. 96, 97, 98, p. 1376, n. 99, p. 1778, n. 73, p. 1779, n. 75, 76.
Witnesses, 40 Cyc., p. 2522, n. 12, p. 2524, n. 14, 15.

Walters & Parry and Homer C. Mills, for Appellant.

Hypothetical questions must be submitted to the jury in such a way as to preclude the witness or witnesses from stating as their conclusions the ultimate fact which the jury must determine. (*Cochran v. Gritman,* 34 Ida. 654, 203 Pac. 289; 2 Jones' Com. on Evidence, sec. 377, p. 926; *Patterson v. Howe,* 102 Or. 275, 202 Pac. 225; *Sever v. Minneapolis & St. L. R. R. Co.,* 156 Iowa, 664, 137 N. W. 937, 44 L. R. A., N. S., 1200; *Kaw Boiler Works v. Frymyer,* 100 Okl. 81, 227 Pac. 453; *Eclipse Lumber Co. v. Davis,* 196 Iowa, 1349, 195 N. W. 337; *McNulty v. Atlas Portland Cement Co.* (Mo. App.), 249 S. W. 730.).

Defendant hospital was only required to furnish plaintiff with the usual and ordinary care and attention furnished by hospitals situated as defendant's hospital was in its vicinity, under the conditions shown to exist at the time of the alleged negligence. (*Davis v. Springfield Hospital,* 204 Mo. App. 626, 218 S. W. 696; *Lehman v. Knott,* 100 Or. 59, 196 Pac. 476.)

The neglect complained of must be the proximate cause of the injury. (*Ruble v. Busby,* 27 Ida. 486, Ann. Cas. 1917D, 665, 149 Pac. 722; *City of Shawnee v. Jeter,* 96 Okl. 272, 221 Pac. 758; *Marovich v. Central Cal. Traction Co.,* 191 Cal. 295, 216 Pac. 595; *Glasco v. Green,* 273 Pa. 353, 117 Atl. 79; *Mayor etc. of Nashville v. Reese,* 138 Tenn. 471, 197 S. W. 492, L. R. A. 1918B, 349; *Fort Worth & R. G. Ry. Co. v. McMurray* (Tex. Civ. App.), 173 S. W. 929; *Cincinnati, N. O. & T. P. R. Co. v. Perkins, Admr.,* 177 Ky. 88, 197 S. W. 526; *Texas Traction Co. v. Nenney* (Tex. Civ. App.), 178 S. W. 797.)

One is not liable for acts of negligence where an injury is occasioned by an independent intervening act, which he could not have reasonably anticipated would be the result of his negligence, if any, though the injury would not have occurred except for such negligence. (*Town of Lyons v. Watt,* 43 Colo. 238, 95 Pac. 949, 18 L. R. A., N. S., 1135;

*Schwartz v. California Gas & Elec. Corp.*, 163 Cal. 398, 125 Pac. 1044; *Houston E. N. W. T. R. Co. v. Hough* (Tex. Civ. App.), 260 S. W. 233; *Basey v. Louisiana R. & Nav. Co.*, 137 La. 451, 68 So. 824, L. R. A. 1915E, 964.)

It is error to group certain facts claimed to have been testified to by witnesses for plaintiff, and advise the jury that if such facts be properly proven they constitute negligence. By so doing the court invades the province of the jury. (*Blum v. Southern Ry. Co.*, 187 N. C. 640, 122 S. E. 562; *Elberton & E. R. Co. v. Thornton*, 32 Ga. App. 259, 122 S. E. 795; *A. J. Anderson & Co., Inc., v. Reich* (Tex.), 260 S. W. 162; *Harper v. Oregon Elec. Ry. Co.*, 111 Or. 71, 224 Pac. 1096; *Bone v. Yellow Cab Co.*, 129 Wash. 503, 225 Pac 440; *Goodrich v. City of Tulsa*, 102 Okl. 90, 227 Pac. 91; *Williams v. Pacific Elec. Ry. Co.*, 177 Cal. 235, 170 Pac. 423; *Jansson v. National S. S. Co.*, 189 Cal. 187, 208 Pac. 90.)

It is error to improperly define proximate cause and error to refuse an instruction properly defining such term. Also error to fail to instruct that even though negligence was found, jury must further find that such negligence was the proximate cause of the injury. (*Freeborn v. Holt*, 100 Okl. 50, 227 Pac. 136.)

It is error for the court to group certain facts claimed to have been established by the testimony of plaintiff, and instruct the jury that if properly established such facts constitute proximate cause. By so doing the court invades the province of the jury. (*Molitor v. Blackwell Motor Co.*, 112 Wash. 279, 191 Pac. 1103; *Borough v. Minneapolis & St. L. Ry. Co.*, 198 Iowa, 130, 197 N. W. 312.)

Damages awarded are excessive—especially where the testimony discloses that plaintiff's future earning capacity was not impaired—and are supported only by pain suffered. (*McAlinden v. St. Maries Hospital Assn.*, 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115.)

Bothwell & Chapman, for Respondent.

"The rule that a physician is bound to bestow such reasonable ordinary care, skill and diligence as physicians in

the same neighborhood in the same general line of practice ordinarily have and exercise in like cases, is not applicable to a hospital.'' (*Hogan v. Clarksburg*, 63 W. Va. 84, 59 S. E. 943.)

"A hypothetical question which contains facts that are proved or claimed to be proved by either party may be put to an expert for the purpose of obtaining his opinion upon such facts, and by so doing such expert witness does not usurp the province of the jury, as the jury is not compelled to accept the opinions of such expert witness against their will, but will weigh such expert opinions as other evidence is weighed by them." (*Jones v. City of Caldwell*, 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119; *Cochran v. Gritman*, 34 Ida. 654, 203 Pac. 289; *Eastern Transp. Line v. Hope*, 95 U. S. 297, 24 L. ed. 477.)

"An objection to a hypothetical question as not correctly stating the facts in the case should point out wherein it is defective." (*Prosser v. Montana Cent. Ry. Co.*, 17 Mont. 372, 43 Pac. 81, 30 L. R. A. 814; *Jackson v. Kansas City Rys. Co.* (Mo. App.), 232 S. W. 752; *Pennington v. Kansas City Rys. Co.*, 201 Mo. App. 483, 213 S. W. 137.)

"Evidence of good health prior to the injury, and of suffering or ailments immediately or shortly thereafter, which are shown by competent testimony to be reasonably imputed to it, and are not shown by expert testimony to be an impossible effect of the injury, is sufficient to carry the question to the jury." (13 Cyc. 216; *Bailey v. Long*, 175 N. C. 687, 94 S. E. 675; *Quackenbush v. Chicago & N. W. R. Co.*, 73 Iowa, 458, 35 N. W. 523; *Hansman v. Western Union Tel. Co.*, 144 Minn. 56, 174 N. W. 434; *Young v. St. Paul City Ry. Co.*, 142 Minn. 10, 170 N. W. 845.)

"A person injured by negligence is entitled to recover to the full extent of the injury so caused, without regard to whether, owing to his previous condition of health, he is more or less liable to injury." (*Purcell v. St. Paul City Ry. Co.*, 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203; *Wendt v. Bowman & Libby*, 126 Minn. 509, 148 N. W. 568; *Malcolm v.*

*Evangelical Lutheran Hospital Assn.,* 107 Neb. 101, 185 N. W. 331.)

"An instruction should not be selected from a mass of instructions and considered alone. The instructions given must be all taken and considered together, and if they, as a whole, state the law applicable to the facts in the case, that is sufficient and the case should not be reversed." (*Barrow v. B. R. Lewis Lumber Co.,* 14 Ida. 698, 95 Pac. 682; *Lufkins v. Collins,* 2 Ida. 256, 10 Pac. 300; *State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034; *Hansen v. Haley,* 11 Ida. 278, 81 Pac. 935; *State v. Bond,* 12 Ida. 424, 86 Pac. 43; *State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *Tarr v. Oregon S. L. Ry. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957; *Warner v. Pittsburgh-Idaho Co., Ltd.,* 38 Ida. 254, 220 Pac. 492.)

"Where, under the rules of law, a given class of facts, embodying all the controlling facts and evidence and the reasonable inferences arising therefrom, constitute negligence or due care, it is proper to so instruct the jury." (*McIntyre v. Orner,* 166 Ind. 57, 117 Am. St. 359, 8 Ann. Cas. 1087, 76 N. E. 750; 4 L. R. A., N. S., 1130; *Omaha & C. B. Ry. & Bridge Co. v. Levinston,* 49 Neb. 17, 67 N. W. 887.)

"Instruction No. 9 correctly defines 'proximate cause.' " (*Antler v. Cox,* 27 Ida. 517, 149 Pac. 731; *Rudolph v. Wannamaker,* 41 Ida. 98, 238 Pac. 296.)

"Before a verdict can be set aside on the ground of 'excessive damages, appearing to be given under the influence of passion or prejudice,' such fact must be made clearly to appear to the trial judge." (*Short v. Boise Valley Traction Co.,* 38 Ida. 593, 225 Pac. 398; *Ellis v. Ashton & St. Anthony Power Co.,* 41 Ida. 106, 238 Pac. 517; *Cox v. Northwestern Stage Co.,* 1 Ida. 376.)

"The verdict is not excessive." (*Kinzell v. Chicago etc. Ry. Co.,* 33 Ida. 1, 190 Pac. 225; *Hansman v. Western Union Tel. Co.,* 144 Minn. 56, 174 N. W. 434; *Cox v. Northwestern Stage Co., supra.*)

BRINCK, Commissioner.—Plaintiff brings this action to recover damages for injuries alleged to have been caused by the negligence of the defendant, while plaintiff was a patient at the defendant's hospital, for treatment and care for typhoid fever, with which he was then afflicted. He alleges that after receiving treatment for typhoid fever for about three weeks, the nurse employed by defendant in his care and treatment, on September 30, 1917, set him up in a chair for the first time, and raised the window of his room, and that she negligently left him in his room, sitting up in the chair, without sufficient covering, and with the window open for about two hours, defendant knowing his physical condition, and the danger likely to result from such negligent treatment; that as a result of said negligent acts plaintiff contracted pneumonia, which necessitated a surgical operation on his pleural cavity, the wound from which has never healed, and which plaintiff alleges will not heal; that as a further result of said negligent acts of defendant, plaintiff contracted tuberculosis, from which he is alleged to be now suffering. It is further alleged that the negligent acts complained of have caused, and now cause, plaintiff physical pain and anguish, and have resulted in his permanent injury, to his damage in the sum of $30,000. To the complaint defendant filed a general demurrer which was overruled; and it then answered, denying the alleged negligent acts and the alleged damages, further alleging that in its treatment of plaintiff it followed the direction of plaintiff's own physician, who was attending him. The answer further alleges contributory negligence of plaintiff, and also that if plaintiff contracted the ailments alleged by him, it was as the result of his sickened condition, rather than of the defendant's acts complained of. Plaintiff recovered a judgment for $15,250, and defendant appeals.

The evidence for the plaintiff tended to show that on September 29, 1917, he had been confined in the defendant's hospital for about three weeks, suffering from typhoid fever; that for several days prior to said date he was con-

valescent, weak and with a subnormal temperature, varying from 97 degrees to about normal; that on September 29th, his condition was such that it was good treatment to order him placed in a chair the following day, and that the attending physician wrote on plaintiff's chart on that day "chair to-morrow"; that on the morning of September 30th, at 9 o'clock, the attending nurse placed him in a chair; that he had not theretofore been placed in a chair during his illness, and that he was so weak on being removed from the bed that he sank to the floor, and the nurse had to assist him into the chair, and told him to keep quiet; that she then left him unattended and closed the door of his room, and the bell with which he could call a nurse was left out of his reach; that he was clad only in his nightgown and a bathrobe; that it was a cold and misty morning, and the window of the room was open; that he became fatigued and cold, and received no attention until after from one to two hours he called to a nurse whom he heard passing the door, and who came in and put him back to bed. Soon after he returned to bed he suffered two chills in succession, and within a short time his temperature was 104.4 degrees. He was found to have contracted pneumonia, and became affected with pleurisy with empyema, necessitating the removal of a section of a rib to permit drainage. The testimony for plaintiff tended to show that the germs causing the pneumonia were present in his system, and that the fatigue from sitting up and becoming chilled caused the germs to develop resulting in the pneumonia, from which the other ailments ensued.

[1] Defendant first complains of the overruling of its demurrer upon the ground that the proper standard of liability was not alleged, contending that the duty of a hospital is not merely the duty to give its patient "such reasonable care and attention for his safety as his known mental and physical conditions should require," as is charged in the complaint, but that the standard of liability required of a hospital under such circumstances is that it

shall employ such skill and care as ordinarily obtains in the conduct of such institutions in the same general neighborhood, similarly situated as defendant's hospital; thus applying to a hospital the standard of liability which it claims is applied to physicians and surgeons, citing 21 R. C. L. 385, 386.

Appellant's statement of the rule as to physicians and surgeons is not quite accurate under the authority cited, the criterion there given being, not the skill and care obtaining in the particular locality, but in similar communities. The rule as to physicians and surgeons is said to be, that they are required to possess the skill, learning and experience ordinarily possessed by persons of their profession at the time, in similar localities and with similar opportunities for practice, and are bound to the exercise of reasonable care and diligence in the application of their learning and skill to the particular case. (*Robertson v. Towns Hospital*, 178 App. Div. 285, 165 N. Y. Supp. 17; *Kirbey's Admr. v. Berea College*, 196 Ky. 353, 244 S. W. 775; 5 Thompson on Negligence, secs. 6711, 6713.) This rule may be equally applicable to the responsibility of a hospital for the conduct of the nurses in its employ, so far as the particular acts involved require the exercise of professional learning or skill; but none of the cases cited by appellant apply the rule as to professional treatment to all the kinds of care and attention rendered by the nurses in a hospital. The generally accepted requirement is that a private hospital conducted for gain must in the care of its patients exercise such reasonable care and attention for their safety as their mental and physical condition, if known, may require. (13 R. C. L. 949; *Wetzel v. Omaha etc. Assn.*, 96 Neb. 636, Ann. Cas. 1915B, 1224, 148 N. W. 582; *Broz v. Omaha etc. Assn.*, 96 Neb. 648, 148 N. W. 575, L. R. A. 1915D, 334; *Meridian Sanitarium v. Scruggs*, 121 Miss. 330, 83 So. 532.) It would require no professional skill or learning for the attending nurse to know that the exposure under the circumstances alleged in the complaint was a menace

to plaintiff's health, and the ordinary rules as to negligence were properly applied. Counsel cites *Hogan v. Clarksburg,* 63 W. Va. 84, 59 S. E. 943, where it is said that "it is the duty of such hospital to employ only competent physicians and nurses, and to treat such patients with such skill and care as ordinarily obtains in the conduct of such institutions, and to protect its patients in such manner as their condition may render necessary; and such degree of care and diligence should be in proportion to the physical or mental ailments of the patient, rendering him unable to look after his own safety." It is obvious from a reading of the decision cited, that the treatment of patients "with such skill and care as ordinarily obtains in the conduct of such institutions" refers to treatment of a professional nature, and requiring professional skill, rather than the ordinary care and protection which such institution owes to its patients. In that case, plaintiff, suffering from epilepsy, was left unattended in his room, and while irrational came in contact with a fire in the room, and was burned; and the contention was made that the evidence was insufficient to fix liability upon the hospital, because there was no evidence that physicians and nurses treating patients in a hospital, in the exercise of ordinary skill and diligence are constantly in the room with such patient, or that in the treatment of a person suffering from epilepsy it was customary for them to remain constantly in the patient's room. The court there pointed out that what was complained of in the case was not the wrong or unskillful application of remedies, but lack of that ordinary and reasonable care and attention which was needed and due to plaintiff after being received into the hospital, stating that such hospital is bound to exercise "that degree of care towards its patients, placed therein, measured by the capacity of such patients to look after and provide for their own safety"; and a judgment for the defendant, after the court had stricken all of plaintiff's evidence was reversed. The demurrer in the case at bar was properly overruled.

Appellant likewise attacks the sufficiency of the evidence to support the verdict, because there was no evidence as to the conduct of similar institutions in respect to the acts complained of. The foregoing observations dispose of this assignment of error.

[2] Error is assigned in overruling appellant's objections to questions asked of physicians duly qualified as experts, to which the court permitted answers over defendant's objections. In these questions, after stating hypothetically the facts shown by the evidence, as to plaintiff being left sitting up, exposed to the cold and without attention, the witnesses were asked whether they would consider such treatment to be proper care and attention, and were also asked whether, in their opinion, the exposure and fatigue of plaintiff resulting from defendant's acts, were the cause of the subsequent complications. Appellant contends that these questions called for the opinion of the witnesses on the very issues to be determined by the jury, and usurped the province of the jury. This court has, in *Knauf v. Dover Lbr. Co.*, 20 Ida. 773, 120 Pac. 157, held that the opinion of a qualified witness as to the propriety of certain conduct is not subject to the objection here made, and in *Jones v. City of Caldwell*, 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119, and *Cochran v. Gritman*, 34 Ida. 654, 203 Pac. 289, that it is proper for a qualified expert witness to give his opinion as to whether certain assumed facts were the cause of a subsequent condition; and these rulings accord with the views expressed in Wigmore on Evidence, 2d ed., secs. 673, 1920, 1951, 1976, where the fallacy of the ''usurpation'' theory is discussed.

[3] It is also urged that the court erred in overruling defendant's objections to hypothetical questions, upon the ground that they did not fairly reflect the facts in evidence. Counsel's objections were not sufficient to raise the question, since they did not point out wherein the facts assumed did not properly reflect the facts proven, or incorporated facts not proven. (*Pennington v. Kansas City*

*R. Co.*, 201 Mo. App. 483, 213 S. W. 137; *Knutsen v. Moe Bros.*, 72 Wash. 290, 130 Pac. 347; *Quaker Oats Co. v. Grice*, 195 Fed. 441.) "There should be no masked batteries in the trial of a lawsuit. All matters should be uncovered in a manner that the court and counsel and jury may see and understand all questions presented for determination. No court can intelligently rule upon a question without it understands that question." (*Kinlen v. Metropolitan Street Ry.*, 216 Mo. 145, 115 S. W. 523, 533.)

[4] Defendant assigns error in permitting the attending physician, who had given the order "chair to-morrow" to answer the question, "What did you expect the nurse to do in carrying out that order, placing this patient in the chair?" It is urged that the question calls for a conclusion of the witness. Counsel for defendant had himself, on cross-examination, asked this witness if he did not expect his order to be carried out; and the question complained of, asked on redirect examination, was proper as permitting the physician to explain his answer to the question of defendant's counsel.

[5] It is further urged that the evidence does not show that the acts of defendant were the proximate cause of plaintiff's subsequent ailments, but rather shows that the proximate cause was the previous existence in his body of the germs which cause pneumonia; arguing that although the germs might not have developed except for plaintiff's exposure, he was prior to such exposure being attacked by the pneumonia germs, and that the negligence, if any, merely created a condition under which the pneumonia developed. He cites in this connection cases wherein injuries to a plaintiff due to a defendant's negligence so weakened the plaintiff that he became more readily a prey to a disease subsequently contracted. The cases cited properly apply the rule as to an independent intervening cause which would not ordinarily be anticipated as the result of the negligent acts complained of, and are not applicable here. This case is rather within the rule that the negligent acts

producing an injury are actionable, even though in themselves they would not have produced the injury, had the physical condition of the plaintiff not been in such condition as to render him susceptible to such injury. (*Jones v. Caldwell, supra; Tulsa Hospital Assn. v. Juby,* 73 Okl. 243, 22 A. L. R. 333, 175 Pac. 519; *Hansman v. Western Union Tel. Co.,* 144 Minn. 56, 174 N. W. 434.) The distinction is well illustrated in *Mayor v. Reese,* 138 Tenn. 471, 197 S. W. 492, L. R. A. 1918B, 349, cited by appellant.

[6] Appellant complains of an instruction on contributory negligence, but the instruction as given is sufficient, in the absence of a request for more explicit direction. The jury were also told that it was the duty of the hospital to employ competent nurses, which was a matter not within the issues under the pleadings, but the harmful effect of this instruction was removed by a subsequent instruction given at the request of defendant. In Instructions Nos. 9 and 11, the court inadvertently used the words "proximate cause" instead of "proximate result," but the mistake was so obvious that no intelligent jury could have been misled. Instruction No. 14 was in part as follows:

"You should not arrive at the damages which you award the plaintiff, if any, by each of the jurors agreeing, writing down an amount, and adding these amounts, and dividing the result by the number joining in the verdict. Such a result would be a quotient verdict, and the court would be obliged to set it aside if so returned by the jury."

A verdict is not a quotient verdict unless the jury in advance of making such computation agree that the result so obtained will be their verdict (24 Cal. Jur. 876); but prejudice from the instruction given is improbable.

[7] Several of the instructions given as to proximate cause were objectionable and improper, standing alone, but the subject of proximate cause was so fully covered by a number of instructions given at the request of defendant, that the jury could not have been misled.

43 Idaho—43

[8]  It is urged that the verdict is excessive, and that the jury should not have been permitted to take into consideration future suffering.  Prior to his illness plaintiff was an able-bodied farm laborer, earning the usual wages in such occupation.  Though convalescent on September 30th, the complications resulting on and after that day, which the jury found to be caused by defendant's negligence, necessitated his further confinement in the hospital until December 25th; he had to undergo an operation for the drainage of pus from his pleural cavity, the wound from which did not heal for some four years, during which the drainage continued.  In January, 1919, he was found to have developed chronic tuberculosis, which might be continued throughout his life; the coughing, from which he suffered greatly at first, continued in a lesser degree to the time of the trial. It is shown that up to the time of the trial, though he could do light work, he was not able to do the ordinary work of a farm laborer, and his weight was 25 to 30 pounds less at the time of the trial than it had been prior to his illness. There was evidence from which the jury could have found these conditions to exist, and it cannot be that they were not entitled to take into consideration future mental and physical suffering and impairment of earning capacity; or that the verdict is in such an amount as to indicate passion or prejudice.

There being no substantial errors in the record, the judgment should be affirmed.

Varian, C., concurs.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed.

Costs are awarded to respondent.

Petition for rehearing denied.