323 P.2d 879

**C. H. BANCROFT, Plaintiff-Appellant,**

v.

**James R. SMITH, Otherwise known as J. R. Smith, and C. D. Stratton, Defendants-Respondents.**

No. 8529.

Supreme Court of Idaho.

March 26, 1958.

Rehearing Denied April 22, 1958.

Charles F. Reddoch and Charles S. Stout, Boise, for appellant.

Givens, O'Leary, Doane & Givens, Boise, for respondents.

**66**

TAYLOR, Justice.

On March 1, 1953, plaintiff (appellant) purchased from defendants (respondents) the hotel business conducted in the city of Boise under the name of the Grand Hotel. The purchase price was $27,500. The property sold included all furniture, fixtures, equipment, supplies and fuel on hand used in operating the Grand Hotel together with the right to use the name "Grand Hotel" and including a leasehold interest in the building in which the business was being conducted. The hotel has 54 rooms.

Thereafter appellant brought this action and alleged in his amended complaint (filed May 15, 1956) that respondents falsely and fraudulently represented the net income from such hotel business to be $1,000 per month, when in fact such net income was only $300 per month; and further alleged that appellant was thereby damaged in the sum of $10,000.

Upon trial a motion for nonsuit was granted and the cause dismissed, upon the ground that the evidence as to the amount of damages, if any, suffered by plaintiff was insufficient to sustain a verdict in his favor.

In ruling, the court correctly stated the measure of damages for fraud to be the difference between the agreed purchase price and the actual value of the property at the time of the sale. Frank v. Davis,

34 Idaho 678, 203 P. 287; Gridley v. Ross, 37 Idaho 693, 217 P. 989; Smith v. Neeley, 39 Idaho 812, 231 P. 105; Smith v. Johnson, 47 Idaho 468, 276 P. 320; Weitzel v. Jukich, 73 Idaho 301, 251 P.2d 542; Koehler v. Stenerson, 74 Idaho 281, 260 P.2d 1101.

The court recognized damage to be one of the essential elements of actionable fraud, and concluded "There is no clear or convincing evidence nor competent evidence" of damage.

The witness Ira E. High, a real estate broker, was produced by plaintiff as an expert to testify as to the value of the property on the date of the sale. The court overruled objections to the qualification of the witness, and after several attempts at the framing of an hypothetical question, ruled that the witness might answer. The answer was properly stricken on the ground it was not responsive. Later the witness was recalled, and after further qualifying, was again asked to give his opinion as to the value of the property on the date of the sale, based upon an hypothetical statement of the facts by examining counsel. The following objection was sustained:

"To which we make the same objection we made before, your Honor, incorporates matters unrelated, fixing values, it's a measure of damage, in fact has nothing to do with it."

This ruling was erroneous. The question purports to be, and fairly appears to be, a complete restatement of the pertinent facts. Under these circumstances the objection was too general. Hayhurst v. Boyd Hospital, 43 Idaho 661, 254 P. 528; Cf., Hobbs v. Union Pacific R. Co., 62 Idaho 58, 108 P.2d 841. The witness should have been permitted to answer. Glennon v. Travelers Indemnity Co., D.C.Mun.App., 91 A.2d 210, 37 A.L.R.2d 964.

On the issue of damage the plaintiff testified:

"Q. What is your opinion, Mr. Bancroft, as to the value of the property when you took it over?

"A. Considering the business it was doing when I took it over, it was worth 15 or $16,000.00 only."

Defendants concede the testimony of the owner of property as to its value is competent evidence. See, Rankin v. Caldwell, 15 Idaho 625, 99 P. 108; Kellar v. Sproat, 35 Idaho 273, 205 P. 894; Thibadeau v. Clarinda Copper Mining Co., 47 Idaho 119, 272 P. 254; Beech v. American Surety Co., 56 Idaho 159, 51 P.2d 213. Here defendants contend plaintiff was not qualified to give an opinion on the value of this particular property, of sufficient weight to support a verdict in his favor. Though the owner is competent to testify to the value of property without further qualification, the weight of his testimony is to be determined from a consideration of his

knowledge and experience in regard to the value in question. Unless his want of qualification is so complete that his testimony is entirely worthless, it is for the jury to assess its value. Thibadeau v. Clarinda Copper Mining Co., supra.

■■ Bancroft had been in the grocery business for thirteen years, and had operated a motel near Boise for three years prior to the present transaction. He had been in possession of the property and had been conducting the business purchased more than three years when he testified. Thus he was qualified to give an opinion of some weight as to its value on the day he acquired it. Rankin v. Caldwell, supra. Cf., Glennon v. Travelers Indemnity Co., supra; Annotation, Opinion Evidence-Value, 37 A.L.R.2d 967 et seq.

Neither is the qualifying phrase "considering the business it was doing when I took it over" sufficient to render the opinion as to value incompetent. It was not made to appear by cross-examination or otherwise that the plaintiff did not also consider other elements affecting the value of the property. Moreover, it is a matter of common knowledge that the factor mentioned by the witness is the most important one involved in fixing the value of such property. The value of a going business is largely determined by its net income.

■ Respondents urge that since damage is an essential element of actionable fraud, like the other elements, it must be established by clear and convincing evidence. Such is the general rule. Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345. However, it is the fact of injury or damage, not the amount thereof, which must be proven by clear and convincing evidence. Assume the case of a defrauded purchaser who elects to rescind and forego damages. He must prove by clear and convincing evidence that the property is worth less than the purchase price. But, the amount of his damage is unimportant provided it is sufficiently substantial to warrant rescission.

So in this case if substantial injury is clearly shown, the amount thereof may be determined by a preponderance of the evidence, as in other cases. See 37 C.J.S. Fraud §§ 114, 121.

■■ It was shown by the testimony of Mrs. Jean Smith, who kept the books, and who is the wife of the defendant James R. Smith, that the net income from the operation of the hotel for the year 1952 was $5,673.22. When this income is contrasted with the represented net income of $900 to $1,000 per month it shows a substantially smaller value in the property than if the income had been as represented. Such is not the measure of damages for fraud. But it corroborates and supports the testimony of plaintiff as to value. If believed by the jury, the testimony of the two would show clearly a substantial injury.

"Generally, the trial court in considering a motion for nonsuit may not weigh the evidence, resolve conflicts therein, or pass upon the credibility of witnesses, such being of the jury's function." Julien v. Barker, 75 Idaho 413, 272 P.2d 718, 723.

In testing the sufficiency of the evidence on a motion for nonsuit the trial court and this court must accept the version thereof most favorable to the plaintiff. Where there is substantial competent evidence tending to establish plaintiff's case, or where reasonable minds may differ as to the conclusion to be reached therefrom, the cause should be submitted to the jury. Nissula v. Southern Idaho Timber Protective Ass'n, 73 Idaho 37, 245 P.2d 400; McKee v. Chase, 73 Idaho 491, 253 P.2d 787; Koser v. Hornback, 75 Idaho 24, 265 P.2d 988, 44 A.L.R.2d 1015.

Application of the foregoing rules in this case requires a reversal. The judgment is reversed and the cause is remanded for a new trial.

Costs to appellant.

KEETON, C. J., and SMITH, J., concur.

PORTER, Justice, with whom McQUADE, Justice, concurs (dissenting).

Appellant attempted to establish the amount of his damages by an hypothetical question addressed to the witness, Ira E. High, a real estate agent. This hypothetical question in slightly different form and wording was propounded to the witness at least five times. Objections to all of such questions were sustained or the answer of the witness stricken. While all of such hypothetical questions were clearly incompetent as not containing a description of the property to be evaluated except the one question which we will hereinafter quote and discuss, all of such hypothetical questions were predicated upon the wrong theory of proof of damages. The one hypothetical question which the court permitted over objection to be answered, reads as follows:

"Mr. High, let's assume in this case, Mr. High, the record shows here that the plaintiff here, Mr. Bancroft, on or about March 1, 1933 bought the Grand Hotel in Boise City, Idaho, at which time he took over the unused portion of the lease to the premises, the premises being located on the southeast corner of 11th and Main Street in Boise City, Idaho, and that hotel *was* 54 rooms, based upon the representation that the gross monthly income of that hotel was $2400.00 a month and that the net income was a thousand dollars a month, when as a matter of fact for the last year, the year of 1952, the year before the transaction occurred the gross income of that hotel was $24,486.53 with an expense of $18,813.31 and with

a net return of $5,673.22, I would like your opinion as to the difference in value of the $27,500.00 and what in your judgment should be the value based on those figures."

In an attempt to overcome objections to such question, appellant added the following:

"(By Mr. Reddoch) Now I'll add to that question to give you an adequate description of the property involved, the business known as the Grand Hotel, to wit, all furniture, fixtures, equipment, supplies, fuel on hand owned by said parties and used by them in connection with the operation of that certain hotel business conducted at what is known as the Grand Hotel in Boise, Ada County, Idaho, together with the rights of the use of the name Grand Hotel and leasehold interest in and to that certain building situated in Boise City, Ada County, Idaho, located on the corner of the intersection of 11th and Main Street in Ada County, State of Idaho known as the Smith Building. Now giving you the value of that property and the date was March 1, 1953, now will you tell this jury the difference in the value in your judgment of the property that was bought at $27,500.00 on a representation of a gross monthly income of $2400.00 per month and a gross net income of a thousand dollars a month, when as a matter of fact for the previous year 1952 the gross income was $24,486.53, the gross expenses *was* $18,813.31, and the net income was $5,673.22?"

Over objection the witness was permitted to answer such question, the answer being as follows:

"Well, I would like to answer to my own way, and then if they want to ask me a question, I'll explain it. I would say that the property was sold for $27,000.00, or whatever the figure was, on the representation it earned a thousand dollars a month, and it earned around 5600 a year instead of a thousand a month, it would be about 45 per cent of what the actual value of the hotel would be worth. I'm not referring to the real estate; I'm referring to the stuff that was sold, the leasehold, furniture and fixtures and so forth."

The answer of the witness on motion was stricken by the court as not responsive.

The evidence does not disclose that the witness High ever saw the personal property involved. The question is defective in that it does not contain a description of the kind and character of the furniture or of its age and condition of repair, or of the amount of fuel on hand. It is evident this hypothetical question and the answer thereto were predicated upon the wrong theory of the measure of damages. In the presentation of his entire case, appellant took the position that the measure of damages was

the difference between the represented $1,000 per month net income and the actual $5,673.22 net annual income, to be applied to the purchase price on a percentage basis. While the actual net income of income producing property is an element of the value of such property, a difference between the represented and actual net income cannot be used on a percentage basis and applied to the purchase price to show the amount of damages.

The trial court, in ruling upon the hypothetical questions, in effect, suggested to appellant the proper proof of damages, at one point saying, "Yes, if counsel will ask what he believes the value was on that date and include in there the property conveyed with it, I'll allow him to answer the question." Appellant did not act upon such suggestion. The trial court did not err in sustaining objections to the hypothetical questions propounded nor in striking the answer of the witness, Ira E. High to the hypothetical question permitted to be answered.

The appellant was permitted to testify as follows:

"What is your opinion, Mr. Bancroft, as to the value of the property when you took it over? A. Considering the business it was doing when I took it over, it was worth 15 or $16,000.00 only."

Respondents concede the testimony of the owner of the property as to its value is competent evidence. However, the weight of such testimony and its probative value may be trifling. Beech v. American Surety Co., 56 Idaho 159, 51 P.2d 213; United States v. 3969.59 Acres of Land, D.C., 56 F.Supp. 831, at page 837; Asebez v. Bliss, 178 Cal. 137, 172 P. 595; 20 . Am.Jur., Evidence, Section 892, page 751; Hellstrom v. First Guaranty Bank of Bismarck, 54 N.D. 165, 209 N.W. 212, 45 A.L.R. 1487.

The question of counsel and the answer of appellant as to the value of the property were predicated upon preceding questions and answers and in accordance with appellant's theory that the difference between the represented net income and the actual net income from the property was to be applied percentagewise to the purchase price in determining the value of the property at the time of the sale. As we have heretofore pointed out this theory is incorrect and consequently the answer of appellant as to the value of the property is based upon a false premise and has no probative value.

The evidence as to damages being insufficient to go to the jury, any alleged errors of the trial court in ruling upon the admissibility of evidence tending to prove fraud become immaterial and need not be considered.

The trial court did not err in sustaining the motion for nonsuit and entering the judgment of dismissal upon the ground that the evidence was wholly insufficient to show the amount of damages, if any, to appellant.

The judgment of the trial court should be affirmed.

On Denial of Respondents' Petition for Rehearing.

TAYLOR, Justice.

■ In their petition for a rehearing respondents urge at great length that the majority opinion is in error in not requiring the plaintiff below to prove not only the fact, of substantial damage, but the exact amount of such damage in order to avoid the nonsuit.

Particularly respondents complain of the inaccuracy of the statement in the opinion that the net income for the year 1952 was $5673.22. The inaccuracy according to respondents arises out of the fact that the gross income, used as the basis for determining the net income, included only room rent and not the profit made by the hotel upon guests' laundry and telephone calls. As to such other income, the defendant Smith testified that it would be insignificant "as compared with the room rent." The gross income cannot be determined accurately from the record. Mr. Smith as a witness was evasive, and professed to know very little about the income or expenses of the business which he managed. However, accepting the figures given by respondents in their petition, it nevertheless appears that appellant made a clear showing of substantial injury, and sufficient to present to the jury the determination of the amount thereof from a preponderance of the evidence.

KEETON, C. J., and SMITH, J., concur.

PORTER and McQUADE, JJ., dissent.