19756

SEABOARD COAST LINE RAILROAD, Appellant, v.
Laneau H. HARRELSON, Jr., et al., Respondents
(202 S. E. (2d) 4)

44

See also, 202 S. E. (2d) 1.

*Messrs. Moore, Flowers & Doar,* of Georgetown, *for Appellant,*

J. Reuben Long, Esq., of Conway, for Respondents, 

January 15, 1974.

*Per Curiam:*

This condemnation proceeding was instituted by Seaboard Coast Line Railroad pursuant to § 58-771 *et seq.* of the Code of Laws of South Carolina (1962), for the purpose of obtaining a right-of-way across a tract of land in Georgetown County owned by Laneau H. Harrelson, Jr. and James G. Harrelson. From a jury verdict in favor of the Harrelsons for $20,000.00, Seaboard has appealed, assigning error in the admission of both the landowners' and their expert witness' testimony relative to the value of the condemned area and damages to the remaining property.

The Harrelsons' tract, situate near the city of Georgetown, contained approximately 25 acres. It was bounded on the north, east, and south by lands belonging to their uncle, James W. Harrelson, and was located some 2000 feet south of State Highway 22-42, commonly referred to as Pennyroyal Road. Access to this property from Pennyroyal Road was by an unimproved county road and by a private road across the adjoining tract of James W. Harrelson.

The right-of-way, within which Seaboard will construct, maintain, and operate a track to service a power plant being constructed by the South Carolina Public Service Authority, contained 2.08 acres. It crossed the Harrelsons' property in an east-west direction and severed it into a northern parcel of 20.6 acres and a southern parcel of 2.3 acres.

Both of the landowners testified in their behalf, and each gave his opinion of the value of the land taken and special

damages to the remaining property. Seaboard contends that it was error to allow either of them to do so because it was conclusively shown that neither was familiar with the property or its value and that each opinion was founded upon hearsay.

Ours is in accord with the general rule that a landowner, who is familiar with his property and its value, is allowed to give his estimate as to the value of the land and damages thereto, even though he is not an expert. *South Carolina State Highway Dept. v. Wilson,* 254 S. C. 360, 175 S. E. (2d) 391 (1970). Where it appears that the owner does not know the value of the property, there is a division in the authorities. Some courts hold that his opinion as to value is not admissible, while others have concluded that such lack of knowledge goes to the weight, but not to the competency, of his testimony.

32 C. J. S. Evidence § 546 (116) (1964).

Any exception to the general rule of admissibility should be, and apparently has been, applied only in extreme cases. Unless the landowner's want of qualification is so complete that his testimony is entirely worthless, it is for the jury to assess the value of his opinion. See *e. g., Bancroft v. Smith,* 80 Idaho, 63, 323 P. (2d) 879 (1958). As stated in 3 Wigmore, Evidence § 716 (Chadbourn Rev. 1970), "The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left for the jury; and courts have usually made no objections to this policy."

While it is true, as pointed out by Seaboard, that neither of the Harrelsons was cognizant of the purchase price of other property in the vicinity, each testified that he had been familiar with the land in question, which they had inherited from their father, all of his life. While it is also true that their estimate of value and dam-

ages was the same as that of R. E. Wilder, a realtor who testified in their behalf, this fact, standing alone, does not demonstrate that they merely parrotted the opinion of Wilder, especially in view of the additional fact that each expressed that his opinion was his own.

Seaboard also argues that Wilder's testimony as to value and severance damages should have been excluded from the jury's consideration because he relied upon sales of properties dissimilar to the Harrelsons' tract in arriving at his conclusion. This, too, is an argument properly addressed to the weight to be accorded this expert's opinion rather than to its admissibility.

Seaboard further contends that it was error to permit the landowners and their expert witness to testify that the highest and best use of the land in controversy was for rural residential purposes because the property was not reasonably adaptable to that end. The primary reason advanced in support of the conclusion that it was not so adaptable is its limited accessibility. It is interesting to note that this argument ignores the fact that Seaboard's expert witness also testified that the highest and best use of the property was for "light industrial or residential development."

Neither the Harrelsons nor Wilder was testifying as to a proposed subdivision or as to the aggregate value of improved lots which might be sold after much expense. When their testimony is considered as a whole, it is simply to the effect that, in their opinion, the unimproved acreage was worth approximately $4,000.00 an acre for unimproved rural residential sites. Its limited accessibility does not, of itself, totally destroy its adaptability to that purpose.

The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial judge. In the absence of a clear abuse of such discretion, amounting to an error of law, his ruling thereupon will not be disturbed. *South Carolina State Highway Dept. v. Wil-*

*son, supra.* Inasmuch as we find no abuse of discretion in admitting any of the testimony challenged hereinabove, Seaboard's final contention that the trial judge should have directed a verdict in conformity with the evaluation of its witnesses cannot be sustained.

Affirmed.