20050

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT,
Appellant, v. Robert S. GRANT, Respondent
(216 S. E. (2d) 758)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Donald V. Myers, Asst. Atty. Gen.,* and *Timothy G. Quinn,* of Columbia, *for Appellant,*

*Messrs. Derrick and Derrick,* of Marion, *for Respondent,*

July 2, 1975.

Ness, Justice:

The State has appealed from a jury verdict of Fifteen thousand ($15,000.00) Dollars in a condemnation case. The respondent was the owner of a garage in Mullins and a portion of the lot on which the garage was operated was condemned by the Highway Department. The acquisition consisted of a strip of land ranging in depth from twenty-two (22) to twenty-four (24) feet and extending across two hundred (200) feet.

Two experts testified, one called by the landowner and the other by the State. Both of them computed the damage to be between ten and eleven thousand dollars. The only other testimony was that of the landowner who estimated the damage anywhere from sixteen to twenty thousand dollars. The basis of this appeal is that the evidence was insufficient to support the verdict and that the testimony of the landowner should have been stricken upon proper motion of the State. We disagree.

The landowner testified at length and it is difficult in summary to capture the full flavor of his remarks. On cross examination the landowner stated that "every dime" of his estimate of damages was based on sentimental value. On redirect this was modified as to the value "it is worth to me as a business." Objections were not interposed to each answer, but at the conclusion of the landowner's testimony, the State moved to strike the evidence dealing with the landowner's opinion of the amount of the damage. *Howell v. State Highway Department,* 167 S. C. 217, 166 S. E. 129 (1932); Wigmore on Evidence, Section 716, Page 48 (3rd Ed.); *South Carolina State Highway Department v. Wilson,* 254 S. C. 360, 370, 175 S. E. (2d) 391 (1970).

The court refused the motion and, in a proper exercise of its discretion, permitted the landowner to reopen its case and clarify the testimony. *Henderson v. Capital Life & Health Ins. Co.,* 199 S. C. 100, 110, 18 S. E. (2d) 605 (1940); *State v. Harrison,* 236 S. C. 246, 113 S. E. (2d) 783 (1960). The court was obviously concerned with the right of a landowner to testify, upon a reasonable basis, as to the value of his property. *Seaboard Coast Line Railroad v. Harrelson,* 262 S. C. 43, 202 S. E. (2d) 4 (1974). The landowner testified that the fair market value of the damage was Seventeen thousand five hundred ($17,-500.00) Dollars. While cross examination elicited the remark that sentimental value would be included in any valuation, the landowner pointed out that none of the above figure was sentimental value. He stated he "wouldn't put (sentimental value) on the dollar." Later he again answered that sentimental value was not included and that the difference between his valuation and his own expert was the worth "to the business."

The State again moved to strike the landowner's testimony dealing with valuation. The trial judge denied this motion. He charged the jury not to consider sentimental value (twice) or value to the particular business. We do not think that the testimony of the land-

owner when taken as a whole, in view of the forceful charge of the trial judge, constituted prejudicial error.

At most objection thereto would go to the credibility of the witness and the weight to be given his testimony.

The basis for allowing a landowner to testify as to the value of his property is that he should not be deprived of his property without an opportunity of expressing his own view to the jury. Obviously all landowners are biased. In this case the respondent candidly admitted the same; therefore, the jury was not to be misled. The landowner testified that he had completely reworked the building, including new windows and placing steel supports throughout. Furthermore, he testified that the taking would eliminate most of the front parking and that this would have a devastating effect upon the building for commercial uses. The jury had the benefit of a view of the premises.

The jury is the tribunal to determine the weight to be accorded the testimony of the witnesses and accept or reject the valuations placed thereupon.

Because we think the testimony considered in its entirety was not prejudicial, in view of the curative charge of the trial judge, and since the amount awarded was within the range of the witnesses evaluations, the decision is,

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.