## Perry, et al. v. Reuss, et al.

(Decided July 1, 1924.)

### Appeal from Mason Circuit Court.

1. **Evidence—Testimony of Editor of Daily Paper as to Market Prices Held Inadmissible.**—It was error to admit testimony of editor of daily paper as to his published reports of market prices of to-

bacco upon set dates, information having come to newspaper office by telephone, and there being no proof that paper's quotations were generally accepted by trade as trustworthy and reliable.

2.  Appeal and Error—Admission of Evidence Held Harmless.— Erroneous admission of testimony of editor of newspaper as to published reports of market price of tobacco held harmless, in view of absence of proof that tobacco involved was like any of that for which prices were quoted.

3.  Sales—Fact of no Market Price for Article at Place of Delivery Does Not Defeat Action for Breach.—That there is no market price for an article at time and place of delivery does not defeat seller's cause of action for breach of contract, damages being arrived at by proving market price at other places.

4.  Sales—To entitle Sellers to Recover Difference Between Contract Price and Price Obtained Necessary to Give Buyers Notice of Sale.—To entitle sellers to recover difference between contract price and price obtained by them, it was necessary to give buyers notice of time and place of sale.

5.  Sales—Instruction as to Measure of Damages for Breach of Contract to Receive Tobacco Held Not Erroneous.—Instruction as to measure of damages for breach of contract to receive tobacco held not erroneous as directing finding for plaintiff for difference between contract price and price at which tobacco was sold on certain market.

6.  Appeal and Error—Verdict Not Necessarily Induced by Passion or Prejudice Because Based Upon Evidence of One Party Rather than Other.—It cannot be said that verdict was induced by passion or prejudice simply because it was based upon evidence of one party rather than other.

J. M. COLLINS for appellants.

A. D. COLE, H. W. COLE and M. R. ALEXANDER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the defendants, Perry and Crisp, from a judgment against them for $3,094.24 for breach of their contract, executed in November, 1919, to receive and pay for, at the rate of 42½ cents a pound, a crop of tobacco owned jointly by plaintiffs, Reuss the landlord and Clark his tenant.

Defendants admitted the execution of the contract, but denied that the tobacco was ever delivered or tendered to them in accordance with its terms, and claimed that on March 17, 1920, it was rescinded by mutual agreement of the parties. The tender was proven without contradiction and the question of rescission was the only one submitted to the jury, except the extent of plaintiffs'

damages if the jury should conclude the contract had not been rescinded.

For reversal, it is urged that the court erred (1) in the admission of evidence, (2) in refusing to direct the verdict for defendants, (3) in the instruction given upon the measure of damages, and (4) that the verdict is excessive.

1. The evidence claimed to have been improperly admitted consisted of the testimony of the editor of a daily paper published in Maysville, Ky., as to his published reports of the market price of tobacco on the Maysville market upon the dates involved here. This evidence is objected to upon the ground that the information came to the newspaper office by telephone or messenger, and that the editor had no personal knowledge of the matters about which he was testifying, and that his evidence is therefore hearsay and incompetent to prove what the markets were.

The cases are not in agreement as to the admissibility of this character of evidence, as will be seen by reference to the note to Mt. Vernon Brewing Co. v. Oscar Teschner, 16 L. R. A. (N. S.) 758, but even the cases holding such evidence admissible do so only after proof that the particular newspaper's quotations are generally accepted by the trade as trustworthy and reliable statements of the market prices of the involved article.

As plaintiffs offered no such qualifying proof, we think, under any view of the law, the court erred in admitting these market quotations. But we are also of the opinion the error was harmless, since there was no proof that the tobacco here involved was like any of that for which prices were thus quoted and which ranged in price from one cent to nearly $1.00 per pound, except one crop which sold for approximately the contract price of this tobacco.

2. The only basis for the claim that the verdict should have been directed for the defendants is the failure to prove the market value at Cedar Grove, Ind., where the tobacco was to be delivered upon the date of the breach of the contract. There is obviously no merit in this contention, since it was proven without contradiction that there was no market for tobacco at that place at or near the time the contract was breached.

The fact, however, that there is no market price for an article at the time and place of delivery does not defeat a party's cause of action for breach of contract. The

rule applicable in such circumstances is thus stated in Log Mountain Coal Co. v. White Oak Coal Co., 163 Ky. 842, 174 S. W. 721:

> "If there is no market price at the time and place of delivery, the market price at other places, subtracting from it the expenses of transportation to the place of shipment, may be used as a basis for computation; and if the place of delivery and the place to which the article is to be transported are different, the market price at the place to which it is to be transported, less the cost of transportation of it to that place, may be resorted to, to fix the market price at the time and place of delivery."

To the same effect see also Campbellsville Lumber Co. v. Bradlee & Wiggins, 96 Ky. 494, 16 K. L. R. 572, 29 S. W. 313, and 22 C. J. 189.

Plaintiff proved that the nearest market for the tobacco at the time was Covington, Ky., to which they shipped it immediately upon defendants' refusal to accept same, and that they, four days later, sold it upon that market at public auction, over the loose leaf floor. They proved what the tobacco brought at that sale as evidence of its market value at that place, and as they had a right to do. Home Construction Co. v. Church, 14 K. L. R. 807. They also proved the cost of transportation from Cedar Grove to the Covington market.

Hence they proved as best they could, and as is permissible under the above rule, the market price at the time and place the contract was breached.

3. The instruction upon the measure of damages, of which complaint is made, reads as follows:

> "If the jury find for plaintiffs, they will fix the amount at such sum as represents the difference between the purchase price of the tobacco, $42.50 per one hundred pounds, and the fair saleable value of said tobacco within a reasonable time after the day defendants claim the contract was cancelled, March 15th, 1920, at public sale on a fair open market, reasonably accessible from Cedar Grove, Indiana, not to exceed $3,094.24, the amount claimed in the petition."

This instruction is criticised because it is claimed to be, in effect, a direction to find for plaintiff the difference between the contract price and the price at which the

tobacco was sold on the Covington market, as under the evidence that was the only "fair open market reasonably accessible from Cedar Grove, Indiana," and that a recovery upon that basis was not available to the plaintiffs because of their failure to notify defendants of the time and place where they would sell the tobacco.

It is true, of course, that to entitle plaintiffs to recover the difference between the contract price and the price obtained by them, it was necessary for them to have given defendants notice of the time and place of the sale, which they did not do. Sutherland on Damages, vol. 2, page 2240; Krebs Hop Co. v. Livesley, 1913C Ann. Cas. 758.

But the instruction does not direct a finding for the difference between the contract price and the sale price at Covington, and the fact that such may have been its practical effect under the evidence does not render it erroneous. It is correct in form, as shown by the authorities already considered, and the practical effect complained of could not have been avoided since it is due not to any error in the instruction, but solely to the fact that under the evidence the market price happened to be the same as the price obtained by the defendants when they sold the tobacco.

We are therefore of the opinion that there is no merit in this contention.

4. The only basis for the claim that the verdict is excessive is the fact that it is so upon the testimony for the defendants, but it is entirely justified by the testimony for the plaintiffs, and we cannot, of course, say that the verdict of the jury was induced by passion or prejudice simply because it happened to be based upon the evidence of one party rather than the other.

Finding no error in the record prejudicial to appellants' substantial rights, the judgment is affirmed.