896 P.2d 949

**POCATELLO AUTO COLOR, INC.,**
an Idaho Corporation, Plaintiff–
Respondent–Cross Appellant,

v.

**AKZO COATINGS, INC.,** dba Akzo Coat-
ings America, Inc., and dba Sikkens Car
Refinishes; and William Eastburn aka
Bill Eastburn, Defendants–Appellants–
Cross Respondents.

No. 21519.

Supreme Court of Idaho,
Boise, December 1994 Term.

May 15, 1995.

Rehearing Denied June 30, 1995.

Justin Seamons, Twin Falls, for appellants, cross respondents.

Lloyd J. and Curtis R. Webb, Twin Falls, for respondent, cross-appellant. Lloyd J. Webb argued.

JOHNSON, Justice.

This is a breach of contract case in which the following rulings of the trial court are at issue:

1. the admission of testimony by the majority owner and president of a closely-held corporation concerning the loss of market value and profits of the corporation;

2. the denial of motions for a directed verdict and judgment not withstanding the verdict (n.o.v.);

3. the denial of a motion for new trial made under I.R.C.P. 59(a)(6);

4. the amount of attorney fees awarded pursuant to I.C. § 12–120(3);

5. the denial of attorney fees requested under I.C. § 12–121;

6. the denial of sanctions requested under I.R.C.P. 11(a)(1) and I.C. § 12–123; and

7. the award of prejudgment interest on a liquidated award to one party, even though there was an unliquidated award to the other party.

We affirm all of these rulings.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Pocatello Auto Color, Inc. (PAC), a closely-held corporation owned by Linda Yack and her husband, was the exclusive distributor in eastern and southcentral Idaho for Akzo Coatings, Inc. (Akzo), a manufacturer of automotive paint, pursuant to a wholesaler agreement (the agreement). Akzo terminated the agreement without giving PAC the ninety-day written notice specified in the contract. PAC sued Akzo for breach of contract, alleging that the breach had destroyed the marketability of its business. Akzo brought a counterclaim for breach of contract, alleging that PAC had failed to pay $36,460.07 due for paint Akzo had delivered pursuant to the agreement. The trial court granted Akzo summary judgment on this counterclaim, and awarded prejudgment interest, together with costs and attorney fees.

PAC's breach of contract claim went to trial. Akzo stipulated that it had breached the agreement's notice requirement for termination, but contended that PAC suffered no damages as a result of the breach. Linda Yack, owner of fifty-one percent of PAC's stock, testified that in her opinion PAC was worth $200,000 before Akzo's breach and worth nothing afterwards. She also testified that PAC could have made a profit of $50,000 during the fiscal year of Akzo's breach, based on the profit the company made during the first seven months of the fiscal year.

The trial court denied Akzo's motion for directed verdict, and the jury awarded PAC $147,000.00 in damages. The trial court denied Akzo's motions for judgment n.o.v. and for new trial, but reduced PAC's award by the amount of the judgment awarded on Akzo's counterclaim. The trial court also awarded PAC attorney fees pursuant to I.C. § 12–120(3).

Akzo appealed, and PAC cross-appealed. This Court assigned the case to the Court of Appeals, which reversed the trial court's denial of Akzo's motions for directed verdict and for judgment n.o.v., and affirmed the trial court's award of prejudgment interest to Akzo. This Court granted PAC's petition for review.

## II.

**THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING THE TESTIMONY OF LINDA YACK CONCERNING PAC'S MARKET VALUE.**

Akzo asserts that the trial court abused its discretion by allowing Linda Yack to give her opinion of PAC's market value. We disagree.

■ For more than eighty-five years, this Court has followed the rule that the owner of property is a competent witness concerning its value. *E.g., Howes v. Curtis,* 104 Idaho 563, 568, 661 P.2d 729, 734 (1983); *Rankin v. Caldwell,* 15 Idaho 625, 632–33, 99 P. 108, 110 (1908). An owner is competent to testify to the value of a going business without further qualification. *Bancroft v. Smith,* 80 Idaho 63, 67, 323 P.2d 879, 883 (1958). The owner's

failure or inability to explain the basis for the value given may affect the weight to be given the testimony, but it does not disqualify the owner's opinion. *Smith v. Big Lost River Irrigation Dist.,* 83 Idaho 374, 386, 364 P.2d 146, 158 (1961).

■ Akzo argues, however, that Linda Yack was not the owner of PAC's business, but only of fifty-one percent of its stock. Here, in addition to owning the majority interest in the company, with her husband owning the remaining shares, Linda Yack served as president of the corporation, travelled from her home in Utah to Pocatello weekly to attended to the affairs of the business, received the company's daily bookkeeping by mail, paid the suppliers, stepped in on the bookkeeper's request to help collect the accounts receivable, and provided the accountants with the information to prepare the company's tax returns and financial statements. Under these circumstances, Linda Yack was effectively the owner of the business, even though the business operated in a corporate form. She exercised the same dominion and control of the business that an individual owner of a business would. Therefore, it was appropriate for the trial court to consider her testimony concerning the market value of the business.

■ Akzo also challenges Linda Yack's testimony on the ground that she did not have any personal knowledge of the market value, as required by I.R.E. 602, pointing out her admission on cross-examination that she did not actually know the fair market value of PAC's business. We first note that Akzo's objection to Linda Yack's opinion testimony concerning PAC's fair market value was on "the grounds of lack of foundation. She's not an expert on the fair market value of her company." Akzo did not premise its objection on the personal knowledge requirement of I.R.E. 602. Accordingly, we address only the objection Akzo made.

Next, we note that in *Beech v. American Sur. Co.,* 56 Idaho 159, 51 P.2d 213 (1935), the Court quoted the rule originally stated in *Rankin v. Caldwell,* 15 Idaho 625, 632, 99 P. 108, 110 (1908):

"The general rule, that to qualify a witness to testify as to market value, a proper foundation must be laid showing the witness to have knowledge upon the subject, does not apply to a party who is testifying to the value of property which he owns. The owner of property is presumed, in a way, to be familiar with its value, by reason of inquiries, comparisons, purchases and sales. *The weight of such testimony is another question, and may be affected by disclosures made upon cross-examination as to the basis for such knowledge, but this will not disqualify the owner as a witness.*"

56 Idaho at 166, 51 P.2d at 220 (emphasis added) (quoting *Rankin*, 15 Idaho at 632, 99 P. at 110).

It was for the jury to evaluate whether the weight of Linda Yack's testimony was affected by her admissions on cross-examination. The trial court did not abuse its discretion in admitting Linda Yack's testimony concerning the fair market value of PAC's business.

### III.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ALLOWING LINDA YACK TO TESTIFY CONCERNING PAC'S LOSS OF PROFITS.

■ Akzo asserts that the trial court abused its discretion in admitting Linda Yack's testimony concerning PAC's loss of profit in the fiscal year when Akzo breached the agreement. We disagree.

This Court has held that a trial court does not abuse its discretion in finding an owner competent to testify concerning profits where the owner's testimony was based on "previous years of experience" and "personal knowledge of the market," and was substantiated by business records. *Nora v. Safeco Ins. Co.*, 99 Idaho 60, 62, 577 P.2d 347, 349 (1978).

On appeal, Akzo challenges Linda Yack's testimony on the ground she did not have the personal knowledge required by I.R.E. 602. At trial, however, Akzo's objection was that she was not an expert because she was not an accountant. Therefore, we address only the objection preserved before the trial court.

In her testimony, Linda Yack took the profit indicated on PAC's financial report for the first seven months of the fiscal year, which was admitted in evidence without objection, and by extrapolation estimated the profit for the entire fiscal year. She did this by multiplying the profit for the first seven months by three, based on her experience that gross sales revenue for the first seven months would be equal to one-third of what the company would have grossed for the entire year, if Akzo had not breached the agreement. The trial court did not abuse its discretion in admitting this testimony.

Akzo points out that Linda Yack's testimony was depreciated on cross-examination because she did not know the percentage of gross sales represented by PAC's profits during the first seven months of the fiscal year. We first note that this cross-examination did not attack Linda Yack's opinion that gross sales revenue for the first seven months of the fiscal year would represent one-third of the gross sales revenue for the entire fiscal year. In any event, the jury had this cross-examination available to it in considering the weight to be given to Linda Yack's opinion. It did not affect the trial court's exercise of discretion in admitting her opinion of the loss of profits.

### IV.

### THE TRIAL COURT PROPERLY DENIED AKZO'S MOTIONS FOR DIRECTED VERDICT AND JUDGMENT N.O.V.

■ Akzo asserts that the trial court should have granted Akzo's motions for a directed verdict and for judgment n.o.v. because there was not substantial evidence to support PAC's claims for loss of market value and loss of profits. We disagree.

Although there are two motions, one for directed verdict and the other for judgment n.o.v., we need make only one ruling because both are governed by the same standard. *Quick v. Crane*, 111 Idaho 759, 763, 727 P.2d 1187, 1191 (1986).

In making the motion, the defendants necessarily admitted the truth of all of the

plaintiffs' evidence and every legitimate inference that could be drawn therefrom in the light most favorable to the plaintiff. Whether that evidence is sufficient to create an issue of fact is purely a question of law. The question is not whether there is literally no evidence supporting the party against whom the motion is made, but whether there is substantial evidence upon which the jury could properly find a verdict for that party. Hence, the trial judge is not free to weigh the evidence or pass on the credibility of witnesses and make his own separate findings of fact and compare them to the jury's findings as [the judge] would in deciding on a motion for a new trial. Rather the trial judge must view all of the evidence and all inferences drawn therefrom in favor of the non-moving party, and decide if there was substantial evidence to justify submitting the case to the jury, or, in other words, that there can be but one conclusion as to the verdict that reasonable minds could have reached.

*Id.* at 763–64, 727 P.2d at 1191–92 (citations omitted).

On appeal, this Court "applies the same standard as does the trial court, and grants no deference to that court's views." *Bott v. Idaho State Bldg. Authority,* 122 Idaho 471, 474, 835 P.2d 1282, 1285 (1992). Therefore, we must accept as true Linda Yack's testimony concerning PAC's loss of market value and loss of profits and draw every inference that may legitimately be drawn from this testimony in the light most favorable to PAC. We are not to "weigh the evidence or pass on the credibility of witnesses." *Watson v. Navistar Int'l Transp. Corp.,* 121 Idaho 643, 659, 827 P.2d 656, 672 (1992).

Examining the evidence in this manner, the motions were properly denied because taken as true Linda Yack's testimony would clearly allow a reasonable mind to reach the conclusion the jury did in awarding damages for PAC's loss of market value and profits.

## V.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING AKZO'S MOTION FOR A NEW TRIAL.

Akzo asserts that the trial court abused its discretion by not granting a new trial pursu-

ant to I.R.C.P. 59(a)(6). We disagree. "A new trial may be granted . . . for any of the following reasons:. . . . 6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law." I.R.C.P. 59(a)(6) (1994).

In ruling on a motion for a new trial on the ground that the verdict is not supported by sufficient evidence, the trial court must weigh the evidence, and grant the motion only if "the verdict is not in accord with [its] assessment of the clear weight of the evidence." *Quick v. Crane,* 111 Idaho 759, 766, 727 P.2d 1187, 1194 (1986). Because the trial court evaluates the credibility of the evidence on a motion for a new trial, a trial court may properly grant the motion in cases where there is substantial evidence to support the jury's verdict and a judgment n.o.v. would have been inappropriate. *Bott v. Idaho State Bldg. Authority,* 122 Idaho 471, 475, 835 P.2d 1282, 1286 (1992).

We will not disturb the trial court's decision to grant or deny a new trial unless the trial court's discretion "clearly appears to have been applied unwisely, and to have been manifestly abused." *Westfall v. Caterpillar, Inc.,* 120 Idaho 918, 921, 821 P.2d 973, 976 (1991) (internal quotations omitted); *see Watson v. Navistar Intern. Transp. Corp.,* 121 Idaho 643, 654–55, 827 P.2d 656, 667–68 (1992).

The test we apply to determine whether a trial court has abused its discretion is to ask:

(1) whether the trial court correctly perceived the issue as one of discretion;

(2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and

(3) whether the trial court reached its decision by an exercise of reason.

*Bott,* 122 Idaho at 475, 835 P.2d at 1286 (quoting *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

■ The trial court's explanation for its denial of Akzo's motion for a new trial is succinct:

> With regard to defendant's motion for a new trial, this Court has weighed the evidence and the credibility of the witnesses in this matter. The evidence in this case was conflicting; however, it was within the province of the jury to weigh the credibility of the witnesses. This Court concludes the jury verdict was not based on passion or prejudice, but rather upon the evidence and testimony of the witnesses. This Court, after weighing the evidence and the credibility of the witnesses who testified in this matter does conclude that the verdict is in accord with the clear weight of the evidence; consequently defendant's motion for a new trial is DENIED.

The trial court clearly perceived the issue as one of discretion. The statements of the trial court also indicate that it reached its decision by an exercise of reason. The trial court also acted within the outer boundaries of its discretion and applied the proper legal standards. Although Akzo contends that Linda Yack's testimony concerning PAC's loss of market value and loss of profit is of dubious probative value, for this Court to overturn the trial court's denial of the motion for a new trial we would have to conclude that Linda Yack's testimony was "entirely worthless." *See Bancroft v. Smith,* 80 Idaho 63, 67–68, 323 P.2d 879, 883–84 (1958). Despite having questions about the weight that should be given to this testimony, we do not view it as entirely worthless. Therefore, the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the choices available to it.

## VI.

### THE TRIAL COURT PROPERLY AWARDED PREJUDGMENT INTEREST ON AKZO'S LIQUIDATED AWARD.

PAC asserts that the trial court improperly awarded prejudgment interest on Akzo's liquidated award by failing to set off PAC's unliquidated award before calculating the prejudgment interest. We disagree.

■ Prejudgment interest should be awarded on a claim that is "liquidated or ascertainable by mere mathematical process." *Ervin Const. Co. v. Van Orden,* 125 Idaho 695, 704, 874 P.2d 506, 515 (1993); *see Seubert Excavators, Inc. v. Eucon Corp.,* 125 Idaho 409, 415–16, 871 P.2d 826, 832–33 (1994). *Ervin* and *Seubert* are instructive on the proper calculation of prejudgment interest on a liquidated claim subject to offset by the other party's unliquidated claim.

In *Seubert,* a general contractor was charged $10,622.93 pursuant to a liquidated damages agreement with the principal for late completion of a road construction project. The general contractor attempted to pass on this cost to its subcontractor, which the general contractor held responsible for the delay. The general contractor subsequently sued the subcontractor and received a judgment of $1,032.00 for road maintenance costs incurred due to the subcontractor's delay on the project. The subcontractor successfully counterclaimed for the $10,622.93 the general contractor had withheld. The trial court found the subcontractor's counterclaim was for a liquidated amount and awarded prejudgment interest on the amount remaining after subtracting the general contractor's unliquidated award of $1,032.00. *Seubert,* 125 Idaho at 412–13, 871 P.2d at 829–830. On appeal, this Court upheld the trial court's award of prejudgment interest based on a specific provision of the subcontract that provided for a deduction of the $1,032.00 from the $10,622.93, concluding that "the principal amount of liability" was ascertainable. *Seubert,* 125 Idaho at 416, 871 P.2d at 833.

In *Ervin,* the Court addressed a different situation. A contractor was terminated and sued the owners to compel payment under the contract for the "percentage of work completed based on net contract amount and value of materials installed." *Ervin,* 125 Idaho at 704, 874 P.2d at 515. The owners counterclaimed for breach of warranty. The Court reversed the trial court's award of prejudgment interest on the amount awarded to the contractor, concluding that the amount due under the contract was not liquidated because while "the net contract amount was

readily ascertainable," the value of materials installed was not ascertainable due to various defects upon which the owners had, in part, based their counterclaim. *Id.*

The underlying premise of *Ervin* is that where there are offsetting claims, one liquidated and the other unliquidated, no prejudgment interest may be awarded on the liquidated claim if the unliquidated claim directly affects or makes uncertain the value of the liquidated claim. In effect, this is only a refinement of the rule that prejudgment interest may be awarded only on liquidated amounts. As the Court in *Seubert* characterized the holding in *Ervin:* "In *Ervin*, we reversed the trial court's award of prejudgment interest because the *principal* amount of liability under the contract was unascertainable." *Seubert*, 125 Idaho at 416, 871 P.2d at 833 (emphasis in original).

Reading *Ervin* and *Seubert* together resolves the prejudgment issue here. Under *Ervin*, prejudgment interest is precluded where the amount awardable on one party's claim for a liquidated amount cannot be ascertained because of the other party's unliquidated claim. *See Ervin*, 125 Idaho at 704, 874 P.2d at 515. This will occur, for instance, in cases where the unliquidated claim challenges the value of the performance forming the basis of the liquidated claim.

The present case, however, is closer to *Seubert.* The two claims in this case, like the claims in *Seubert*, arise under the same contract but are not so closely related that the unliquidated claim renders the liquidated claim unascertainable. Therefore, it was proper for the trial court to award prejudgment interest to Akzo. Because there is no provision of the agreement that provides for a deduction of any unliquidated amount owed PAC from the amount owed Akzo, the offsetting allowed in *Seubert* is not applicable here.

## VII.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN AWARDING PAC ATTORNEY FEES PURSUANT TO I.C. § 12–120(3).

Akzo asserts that the trial court abused its discretion in awarding PAC attor-ney fees pursuant to I.C. § 12–120(3) without deducting the fees attributable to tort claims which PAC dismissed before trial. We disagree.

In *Fuller v. Wolters*, 119 Idaho 415, 807 P.2d 633 (1991), the Court held that an award of attorney fees pursuant to I.C. § 12–120(3) is not allowed in a tort action, regardless of whether the tort arises out of a "commercial transaction." *Fuller*, 119 Idaho at 425, 807 P.2d at 643. The Court reasoned that "tort actions are essentially actions in which the parties bear their own attorney's fees," regardless of who prevails. *Id.* Akzo argues that the trial court violated this rule by failing to subtract from PAC's attorney fees award fees PAC incurred prosecuting two tort claims that were dismissed before trial.

Akzo fails to focus on the fact that PAC requested $49,000 in attorney fees, consistent with the contingent fee agreement it had with its counsel, while the trial court awarded only $18,972.50, which was the value of attorney fees calculated at an hourly rate ($20,972.50), less $2,000.00 representing the trial court's determination of the attorney fees related to PAC's defense of Akzo's counterclaim.

The calculation of reasonable attorney fees is within the discretion of the trial court. *See, e.g., Garnett v. Transamerica Ins. Servs.*, 118 Idaho 769, 784, 800 P.2d 656, 671 (1990). I.R.C.P. 54(e)(3) states the factors the trial court is to consider in determining the amount of attorney fees, which the trial court in this case indicated it had considered. The trial court indicated it understood this was a discretionary decision, acted within the outer boundaries of its discretion and consistent with the proper legal standards, and reached its decision by an exercise of reason. Therefore, it did not abuse its discretion.

## VII.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO AWARD AKZO ATTORNEY FEES PURSUANT TO I.C. § 12–121 OR SANCTIONS PURSUANT TO I.R.C.P. 11(A)(1) AND I.C. § 12–123.

Akzo asserts that the trial court abused its discretion by refusing to award

attorney fees pursuant to I.C. § 12–121 or sanctions pursuant to I.R.C.P. 11(a)(1) or I.C. § 12–123 for Akzo's defense of PAC's two tort claims that were dismissed before trial. We disagree.

I.C. § 12–121, as modified by I.R.C.P. 54(e)(1), provides for an award of attorney fees, and I.R.C.P. 11(a)(1) and I.C. § 12–123 provide for sanctions where frivolous claims are made. When a case involves "multiple claims and multiple defenses, however, it is not appropriate to segregate those claims and defenses to determine which were or were not frivolously defended or pursued." *Magic Valley Radiology Assocs. v. Professional Business Servs., Inc.,* 119 Idaho 558, 563, 808 P.2d 1303, 1308 (1991). Instead, "[t]he entire course of the litigation will be taken into account." *Turner v. Willis,* 116 Idaho 682, 685, 778 P.2d 804, 807 (1989); *see Management Catalysts v. Turbo West Corpac, Inc.,* 119 Idaho 626, 630, 809 P.2d 487, 491 (1991) (applying *Magic Valley* to I.C. § 12–121 sanctions and holding that the trial court improperly invoked that statute because "not all of plaintiffs' claims were frivolous").

Considering the entire course of the litigation in the present case, rather than focusing on PAC's aborted tort claims, it is clear that the trial court did not abuse its discretion in refusing to award attorney fees or to sanction PAC pursuant to I.C. § 12–121, I.R.C.P. 11(a)(1), or I.C. § 12–123. *See Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 92, 803 P.2d 993, 998 (1991) (trial court has discretion regarding sanctions under I.R.C.P. 11(a)(1)); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979) (same regarding I.C. § 12–121).

### VIII.
### CONCLUSION.

We affirm the trial court.

We award PAC costs on appeal together with attorney fees on appeal, pursuant to I.C. § 12–120(3).

McDEVITT, C.J., TROUT and SILAK, JJ., and SCHILLING, Justice Pro Tem, concur.