936 P.2d 202

**BECO CONSTRUCTION COMPANY, INC., an Idaho corporation, Plaintiff–Respondent–Cross Appellant,**

v.

**HARPER CONTRACTING, INC., a Utah corporation, Defendant–Appellant–Cross Respondent.**

No. 22671.

Court of Appeals of Idaho.

Feb. 11, 1997.

Petition for Review Denied, May 6, 1997.

Anderson, Nelson & Hall, Idaho Falls, for plaintiff–respondent–cross appellant. Joel E. Tingey argued.

Fuller & Carr, Idaho Falls, for defendant–appellant–cross respondent. Mark R. Fuller argued.

PERRY, Judge.

In this appeal we are asked to review the district court's order denying motions for directed verdict, judgment notwithstanding the verdict and new trial. The cross-appeal challenges the amount of the district court's award of attorney fees for trial and the district court's denial of travel expenses and prejudgment interest. We affirm.

## I.

### FACTS AND PROCEDURE

Harper Contracting, Inc., was a subcontractor involved in the construction of a prison in Ely, Nevada. The general contractor, Layton Construction, contacted Beco Construction Co., Inc., regarding the placement of asphalt at the prison construction site. Harper, relying on a proposal submitted by Beco to Layton, hired Beco to produce and lay asphalt for the site. Beco prepared gravel and provided gravel testing, but did not place the asphalt. The parties terminated their relationship, and Beco filed a complaint seeking compensation from Harper for the gravel and gravel testing. Beco's complaint alleged that Harper owed money to Beco "on open account."

During a hearing on a motion in limine, Harper moved to exclude evidence regarding the circumstances surrounding the termination of the asphalt contract. The district court granted the motion in part, but indicated it would allow information regarding the termination of the contract to be introduced as evidence relating to impeachment, credibility or perspective. The case then proceeded to trial before a jury. After Beco rested

its case, Harper moved for a directed verdict. The district court denied the motion, stating that the question at issue was whether there was a contract, and that substantial evidence existed which justified submission of the issue to the jury.

At the conclusion of the trial, the jury returned a verdict which was internally inconsistent. The jury found that Beco had waived its right to reimbursement for the testing services and then went on to award damages to Beco for those services. After discussion with counsel, and over the objection of Harper, the district court refused the verdict and asked the jury to continue its deliberations. The jury later returned a consistent verdict awarding Beco $1,484.20 for the testing services and $6,412.50 for the gravel. Harper then filed a motion for judgment notwithstanding the verdict (j.n.o.v.) or, in the alternative, for a new trial. The district court denied the motion. Beco moved for an award of $9,750 in attorney fees and requested $671.95 in costs. Beco further requested an award of prejudgment interest. The district court awarded Beco attorney fees in the amount of $4,000 and costs in the amount of $413.95. The district court denied Beco's request for prejudgment interest.

Harper appeals, claiming that the district court erred in denying the motions for directed verdict, j.n.o.v. and new trial. Beco cross-appeals on issues concerning costs, attorney fees and prejudgment interest. Both parties request attorney fees on appeal.

## II.

## ANALYSIS

### A. Direct Appeal Issues

#### (1) Directed verdict

Harper moved for a directed verdict at the completion of Beco's case in chief. Harper raises, as independent grounds on appeal, the denial of the motions for directed verdict and j.n.o.v. Beco argues that sufficient evidence was presented during its case in chief to justify submission of the case to the jury.

■ Whether a verdict should be directed is purely a question of law upon which the parties are entitled to full review by the appellate court without special deference to the views of the trial court. *Quick v. Crane,* 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986); *City of Lewiston v. Lindsey,* 123 Idaho 851, 854, 853 P.2d 596, 599 (Ct.App. 1993). The district court was required to determine whether Beco's evidence was sufficient to survive Harper's motion for directed verdict and whether Beco produced sufficient evidence, not a mere scintilla, from which reasonable minds could conclude a verdict in favor of Beco was proper. *Westfall v. Caterpillar, Inc.,* 120 Idaho 918, 920, 821 P.2d 973, 975 (1991). In reviewing the grant or denial of a directed verdict on appeal, we apply the same standard that governed the trial court's decision. *Lawton v. City of Pocatello,* 126 Idaho 454, 458, 886 P.2d 330, 334 (1994); *Quick,* 111 Idaho at 764, 727 P.2d at 1192; *Western Stockgrowers Assoc. v. Edwards,* 126 Idaho 939, 941, 894 P.2d 172, 174 (Ct. App.1995); *Lewiston,* 123 Idaho at 854, 853 P.2d at 599.

■ However, the denial of a motion for directed verdict is not a final order independently appealable under Idaho Appellate Rule 11. Hence, a motion for directed verdict which was denied by the district court is reviewable, as are other interlocutory orders, pursuant to the later appealable order. *See* I.A.R. 17(e); *Umphenour v. Yokum,* 118 Idaho 102, 103, 794 P.2d 1158, 1159 (Ct.App. 1990). A motion for j.n.o.v. has been described as a "delayed motion for directed verdict" and can be used by a district court to correct its error, if any, in denying the directed verdict. *Mann v. Safeway Stores, Inc.,* 95 Idaho 732, 736, 518 P.2d 1194, 1198 (1974).

■ In fact, this Court has previously compared a motion for directed verdict, which has been denied, to a *motion for involuntary dismissal under Idaho Rule of Civil Procedure 41(b). Hibbler v. Fisher,* 109 Idaho 1007, 1010, 712 P.2d 708, 711 (Ct.App. 1985). A motion for involuntary dismissal at the end of the plaintiff's evidence is not independently appealable, and the denial is reviewed on a final judgment by considering all the evidence presented at trial, not only

that which was before the court when the motion to dismiss was made. *Id.*

■ The Idaho Supreme Court has stated that where "there are two motions, one for directed verdict and the other for judgment n.o.v., we need make only one ruling because both are governed by the same standard." *Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.*, 127 Idaho 41, 44, 896 P.2d 949, 952 (1995). Despite the existence of the same standard, if the directed verdict at the close of plaintiff's case and a motion for j.n.o.v. after the deliberations of the jury were to be considered on the basis of the evidence before the trial court at the time that the motions were made, separate rulings would still be required. Hence, we conclude that a motion for directed verdict made at the close of the plaintiff's case in chief is to be considered in conjunction with and in light of the full record, rather than that evidence presented only during the plaintiff's case.

The substantive issues presented by the parties in regard to the directed verdict are therefore discussed below in the j.n.o.v. motion analysis.

(2) J.N.O.V.

■ After the completion of the trial, Harper moved for a j.n.o.v., I.R.C.P. 50(b), or, in the alternative, for a new trial, I.R.C.P. 59(a). In considering the district court's denial of Harper's j.n.o.v. motion, this Court is to review the record of the trial court and determine whether, as a matter of law, there was sufficient evidence upon which reasonable jurors could return a verdict in favor of the plaintiffs; or, as stated by our Supreme Court, whether "there can be but one conclusion as to the verdict that reasonable minds could have reached." *Quick v. Crane,* 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986). *See also Spence v. Howell,* 126 Idaho 763, 769, 890 P.2d 714, 720 (1994); *Young v. State Farm Mutual Auto. Ins. Co.,* 127 Idaho 130, 134, 898 P.2d 61, 65 (Ct.App.1994).

■ If an alternative motion for new trial is made with the j.n.o.v. motion, the trial court must rule on both motions separately. *Quick,* 111 Idaho at 767, 727 P.2d at 1195. The district court in this case analyzed the

issues separately and independently for each motion. The district court also recognized the relevant standards and legal principles applicable to a motion for j.n.o.v.

On appeal, Harper argues that no contract issues could be raised at trial for two reasons: (1) Beco's complaint sought compensation on a non-contract theory, open account, and Harper never consented to try another issue; and (2) the district court's order on Harper's motion in limine limited the scope of the trial. Harper also claims that regardless of the nature of the claim, Beco failed to provide sufficient evidence to support the jury's verdict or award.

■ We note, first, that Harper seems to misapprehend the nature of an open account. Harper argues that Beco provided inadequate notice that a contract claim would be pursued at trial; however, the very basis of the action was a contract claim. An open account refers to a continuing series of transactions between the parties, where the balance is unascertained and future transactions between the parties are expected. *Seubert Excavators, Inc. v. Eucon Corp.,* 125 Idaho 409, 415, 871 P.2d 826, 832 (1994). Although an open account is a particularized type of contract claim, it is a contract claim. Harper had notice that *a* contract claim would be presented to the jury. Therefore, Harper's "consent" to try a contract claim was not required.

■ Harper made a motion in limine to preclude evidence regarding the decision and circumstances by which the contract between the parties was terminated. The district court granted the motion in part, but allowed such evidence for the purposes of credibility and perspective. Harper claims that the motion in limine precluded evidence or testimony at trial regarding the breach of contract. Harper further argues that no genuine issue of material fact existed which justified the submission of the case to the jury for consideration of a non-contract claim. Thus, Harper argues that the j.n.o.v. motion should have been granted. Beco argues that the district court properly determined that the issues of contract formation and breach were

impliedly or expressly tried by consent of the parties.

The district court indicated to the parties during trial that the motion in limine and the court's ruling thereon were limited to the reasons for the termination of the contract and did not encompass the existence of a contract. The district court further stated that, in light of the manner in which the case was proceeding, the district court considered the trial to be that of a breach of contract. In ruling on the post-trial motions the district court stated that the order on the motion in limine was "not conclusive due to the contractual overtones in the open account issue." The district court went on to say that it had "informed the parties during the trial of its view that the case was being tried under a breach of contract theory."

Harper contends that it did not contract or establish an account with Beco for gravel or testing services and that there was no substantial and competent evidence establishing that Harper was obligated to pay Beco for the gravel and testing. The district court found that there was substantial and competent evidence, including an admission by Harper's representative at trial that a contract existed, to support the jury's verdict. We agree.

▮▮ Beco sought recovery of the out-of-pocket expenses incurred in anticipation of performance of the contract with Harper. A party aggrieved by a breach of contract may be entitled to reimbursement for losses caused by its reliance on the contract, even if the aggrieved party elects to rescind the contract. *Brown v. Yacht Club of Coeur d'Alene, Ltd.*, 111 Idaho 195, 198, 722 P.2d 1062, 1065 (Ct.App.1986). Reliance damages include expenses reasonably related to the purposes of the contract which would not have been incurred but for the contract's existence. *Id.* at 198–200, 722 P.2d at 1065–1067. Beco's evidence showed that it incurred expenses in crushing and testing gravel in preparation for performance of the asphalt contract. After a thorough review of the record, we conclude that there was substantial competent evidence to support the jury's verdict that Harper was obligated to pay Beco for the crushing and testing of gravel.

▮▮ Harper claims that the amount of the jury award was unsupported in the record. Beco's prayer for relief sought compensation for 1,200 tons of gravel. However, Beco's president, Doyle Beck, testified that Beco estimated 1,500 tons of asphalt would be needed for the prison construction job. He further testified that approximately nine-five percent of the weight of asphalt can be attributed to the gravel. According to Beck's testimony, 1,425 tons of gravel would be needed for the production of asphalt for the prison site. Beck indicated that Beco had actually prepared 1,700 to 1,800 tons of gravel. When asked why Beco only billed Harper for 1,200 tons, Beck explained:

> That was still, in my mind, at that point I didn't know for sure how many tons it was going to take. Okay. I didn't want to bill for something that could be disputed.
>
> In situations like this if we get enough to cover the diesel fuel and labor and some raw expenses, that's really all we want at that point.

Evidence presented at trial also indicated that the cost to Beco for crushing gravel was approximately $4.50 per ton or higher and that this was a competitive price. The jury awarded $6,412.50, the product of 1,425 tons multiplied by $4.50 per ton. Thus, there was substantial competent evidence in the record to support the amount of the jury's verdict.

**(3) New trial**

▮▮ Harper moved for a new trial, pursuant to I.R.C.P. 59(a), on the basis that the evidence did not support the verdict and, additionally, on the basis that the jury's initial verdict was internally inconsistent and a new trial was therefore required. In reviewing a motion for new trial, the district court has broad discretion. *Quick*, 111 Idaho at 766, 727 P.2d at 1194. On a motion for new trial, the court weighs the evidence and the credibility of the witnesses, although the court does not do so in reviewing a j.n.o.v. motion. *Id.* The trial court is also required to undertake a two-part analysis:

> First, the court is to consider whether the verdict was against the weight of the evi-

dence and if the ends of justice would be served by vacating the verdict. The court then must consider whether a different result would follow in a retrial.

*Litchfield v. Nelson,* 122 Idaho 416, 422, 835 P.2d 651, 657 (Ct.App.1992). This Court will uphold the trial court's grant or denial of such a motion unless the trial court manifestly abused the wide discretion vested in it. *Quick,* 111 Idaho at 770, 727 P.2d at 1198; *Litchfield,* 122 Idaho at 422, 835 P.2d at 657. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In denying the motion for new trial, the district court determined that there was substantial evidence to support the jury's verdict under the breach of contract theory. Further, as the district court also stated:

> With regard to the motion for new trial, this court has independently weighed the evidence and assessed the credibility of the witnesses. The evidence was conflicting, but based upon this court's assessment, the court cannot say that the verdict was against the clear weight of the evidence. The court does not believe that justice would be served by vacating the verdict. Therefore, the court shall not grant a new trial under Rule 59(a)(6).

The district court in this case recognized the decision as a discretionary one and applied relevant standards and legal principles applicable to a motion for new trial. The district court also utilized reason in denying the motion for new trial on the basis of the weight of the evidence. Denying the motion for a new trial in this regard was not an abuse of the district court's discretion.

█ In addressing the repercussions of the jury's inconsistent verdict, the district court reviewed I.R.C.P. 48(b), 49(a), and (b).

The district court determined that the verdict in this case was a special verdict, but further found this classification was not dispositive. The district court noted that I.R.C.P. 49(b) prohibits the acceptance of a general verdict with interrogatories if the answer to one of the interrogatories is inconsistent with the general verdict. Rule 49(b) further provides that the district court may return the jury for further consideration of its answers. The district court noted that although Rule 49(a), relating to special verdicts, does not provide for such a procedure, it also does not preclude it. The district court therefore determined that refusing the verdict and requesting further deliberation was appropriate, whether the verdict was general or special. The Fifth Circuit Court of Appeals has interpreted the Federal Rules of Civil Procedure in a similar manner. *Richard v. Firestone Tire & Rubber Co.,* 853 F.2d 1258 (5th Cir.1988); *Nance v. Gulf Oil Corp.,* 817 F.2d 1176 (5th Cir.1987).

█ Ordinarily, where either court or counsel consider a verdict to be uncertain, the proper procedure is to refuse to accept the verdict and request correction by the jury. *Harmston v. Agro–West, Inc.,* 111 Idaho 814, 818, 727 P.2d 1242, 1246 (Ct.App. 1986). Because the inconsistency was discovered prior to the release of the jury and because the rules, while not mandating the practice, do not prohibit refusing a special verdict and requesting that the jury deliberate further, the district court took the proper course of action under the circumstances of this case. Hence, the district court did not abuse its discretion in denying the motion for new trial on this basis.

## B. Cross–Appeal Issues

### (1) District court's attorney fee award

█ Beco argues on appeal that the attorney fee award was unreasonably low. The question of the reasonableness of the amount of an award of attorney fees involves a discretionary determination by the trial court. *Meldco, Inc. v. Hollytex Carpet Mills, Inc.,* 118 Idaho 265, 271, 796 P.2d 142, 148 (Ct.App.1990).

The district court determined that Beco was the prevailing party at trial and was entitled to attorney fees under I.C. §§ 12–120(1) and (3). The district court then considered all the factors in I.R.C.P. 54(e)(3) in arriving at the amount of attorney fees. The district court concluded that the case was not complex, the recovery was relatively small, and that no novel questions were involved. The district court therefore determined that $4,000 in attorney fees was appropriate. Beco argues that, because its recovery was more than the amount requested in the complaint, a higher award of fees is appropriate. However, the district court perceived the issue as one of discretion and considered the issue in light of the factors in I.R.C.P. 54(e)(3). The district court properly exercised its discretion, and we, therefore, affirm.

**(2) Travel expenses**

■ Beco sought a discretionary cost award for $252 in travel expenses incurred to attend the deposition of Robert Ellis, which was taken by Harper and was later used by Harper at trial in lieu of live testimony. The district court denied Beco's request for the discretionary cost under I.R.C.P. 54(d)(1)(D). Beco appeals the district court's denial of the travel expenses. Harper argues that travel expenses for attending a deposition in another state when suing an out-of-state corporation does not constitute an exceptional cost.

■ Idaho Rule of Civil Procedure 54(d)(1)(D) provides for cost awards for items not enumerated elsewhere in Rule 54(d)(1). Such costs may include long distance telephone calls, photocopying, faxes, postage and travel expenses. *Automobile Club Ins. Co. v. Jackson*, 124 Idaho 874, 880, 865 P.2d 965, 971 (1993). The burden is on the prevailing party to make an adequate initial showing that these costs were necessary, exceptional and reasonably incurred and that the award of the costs would be in the interests of justice. *Id.* Review of the district court's decision not to order discretionary costs for expenses is pursuant to the abuse of discretion standard. *Id.*

The district court recognized that the issue was one of discretion and applied the correct legal standard. The district court held that "the travel costs to the deposition have not been shown to be exceptional to the extent that they should be awarded as discretionary costs in this case." The district court further stated that the interests of justice did not require assessing the travel costs against Harper.

Ellis's deposition was admitted at trial in lieu of live testimony. If Beco's counsel had not attended the deposition, the testimony of one of the three witnesses at trial would have been taken without the presence of legal representation for Beco. Hence, if Beco's attorney had not traveled to Nevada, Ellis's testimony would have been taken without the opportunity for evidentiary objection or cross-examination by Beco. The expenses were necessary and reasonable. However, the district court also specifically ruled that the costs were not exceptional. In a recent Idaho Supreme Court case, involving the appearance of out-of-state counsel, costs related to the out-of-state counsel were found not to be exceptional. *Roe v. Harris*, 128 Idaho 569, 574, 917 P.2d 403, 408 (1996). The district court did not abuse its discretion in concluding that, in the limited circumstances of this case, no showing was made that the costs were exceptional. Hence, we affirm the district court's denial of the discretionary costs under I.R.C.P. 54(d)(1)(D).

**(3) Prejudgment interest**

■ Beco filed a post-trial motion for prejudgment interest. The district court denied the motion, and Beco appeals.

■ Prejudgment interest should be awarded on a claim that is ascertainable by mere mathematical process. *Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.*, 127 Idaho 41, 46, 896 P.2d 949, 954 (1995). The district court determined that the amount of the award was not discernable by mere mathematical process and did not award prejudgment interest. The amount of gravel that Beco crushed for Harper was not a known or agreed upon amount prior to trial; hence, the mathematical product of the amount of gravel multiplied by the cost of crushing the gravel was not ascertainable prior to the deliberations of the jury. Accordingly, we

affirm the district court's denial of prejudgment interest.

### C. Attorney Fees

Both sides request attorney fees on appeal. Had Beco not raised the three cross-appeal issues, it would have been the prevailing party and entitled to attorney fees and costs. However, Harper and Beco each succeeded in defending against the appeal by the other party. Accordingly, we find no prevailing party on appeal and award no costs or attorney fees.

### III.

### CONCLUSION

The district court correctly perceived that the parties tried a simple contract claim and that Harper had adequate notice of that fact. Further, the district court properly determined that there was sufficient, competent evidence to support the jury's verdict, including the amount of the award. Finally, in addressing the inconsistent verdict form the district court acted appropriately in requesting that the jury deliberate further, without specifying the nature of the inconsistency. Hence, the district court properly denied Harper's motions for relief. The district court also properly exercised its discretion in awarding reasonable attorney fees and in denying Beco's requested discretionary costs. The amount of the claim was not mathematically ascertainable and prejudgment interest was, therefore, properly denied. No costs or attorney fees are awarded on appeal.

WALTERS, C.J., and LANSING, J., concur.